# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM
**Of counsel**
Roger W. Kirby
Alice McInerney

May 14, 2015

**BY ECF**

Honorable Edgardo Ramos, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Chill v. Calamos Advisors LLC, et. al.*, No. 15 Civ. 01014 (ER)

Dear Judge Ramos,

    The undersigned represents Plaintiffs in the above-referenced action. We write in response to Defendants' May 4, 2015 letter requesting a pre-motion conference with respect to a contemplated motion to dismiss Plaintiffs' complaint.

    Plaintiffs are shareholders in the Calamos Growth Fund (the "Fund"). Plaintiffs assert claims derivatively on behalf of the Fund against Calamos Advisors LLC ("CA"), the Fund's investment advisor, and Calamos Financial Services ("CFS"), the Fund's distributor, for violation of Section 36(b) of the Investment Company Act of 1940 (the "ICA").

    Section 36(b) provides mutual fund shareholders a right of action against fund investment advisors and their affiliates for breach of fiduciary duties where fees are excessive. 15 U.S.C. § 80a-35(b); *Jones v. Harris Associates, L.P.*, 559 U.S. 335 (2010).[1]

    Defendants' May 4 Letter makes three broad arguments. Plaintiffs respectfully disagree with each, as discussed below.

    **First**, Defendants assert that the courts have largely rejected Section 36(b) claims. *See* May 4 Letter at 1, 2 and 3 and n.1. This assertion is outdated and incomplete. Although many older Section 36(b) suits were dismissed (*id*. at 2 n.1), many others were not.[2] Importantly, in

---

[1] Pre-suit demand is not required for Section 36(b) claims. *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523 (1984).

[2] *See e.g. Sins v. Janus Capital Mgmt., LLC*, No. 04 Civ. 01647, 2006 WL 3746130 (D. Colo. Dec. 15, 2006); *Hunt v. Invesco Funds Group, Inc*., No. H-04-02555, 2006 WL 1581846 (S.D. Tex. June 5, 2006), *vacated in part on other grounds, and amended*, 2006 WL 1751900 (S.D. Tex. June 22, 2006); *Dumond v. Mass. Fin. Servs. Co*., No.

**Kirby McInerney LLP**
Hon. Edgardo Ramos, U.S.D.J.
May 14, 2015
Page 2

recent years, courts have largely sustained Section 36(b) claims, as the pleadings have proffered more particularized and convincing indicia that fees are excessive.[3] These indicia, which also underlie Plaintiffs' complaint, are *absent* from the older actions cited by Defendants.

**Second**, Defendants assert that purported judicial rejection of Section 36(b) claims stems from daunting Section 36(b) pleading standards. *See* May 4 Letter at 1-2. Defendants overstate matters. The Supreme Court in *Jones* approved 6 indicators of excessive fees identified in *Gartenberg v. Merrill Lynch Asset Mgmt, Inc.*, 694 F.2d 923, 929-32 (2d Cir. 1982). These 6 "*Gartenberg* factors" – addressed in Plaintiffs' complaint with particularized allegations – are: (1) fee comparisons (¶¶48-88); (2) economies of scale (¶¶89-109); (3) the nature and quality of the services provided (¶¶110-35); (4) the profitability of the fund to the advisor (¶¶136-46); (5) "fall-out" benefits (¶¶147-54); and (6) the independence and conscientiousness of the fund's trustees (¶¶155-204).[4] Under *Jones* and Fed. R. Civ. P. Rule 8, plaintiffs need not plead conclusive facts concerning every factor, but rather allege sufficient facts to plausibly support an inference of excessive fees.[5] These standards are frequently met (*see* n.2 and n.3, *supra*).

---

Civ. A. 04-11458, 2006 WL 149038 (D. Mass. Jan. 19, 2006); *Wicks v. Putnam Inv. Mgmt., LLC*, No. Civ. A. 04-10988, 2005 WL 705360 (D. Mass. Mar. 28, 2005).

[3] *See e.g.*, *In re BlackRock Mut. Funds Advisory Fee Litig.*, No. 14 Civ. 1165, 2015 WL 1418848 (D.N.J. Mar. 27, 2015); *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, No. 14 Civ. 414, 2015 WL 965665 (S.D. Ohio Mar. 4, 2015); *Zehrer v. Harbor Capital Advisors, Inc.*, No. 14 Civ. 789, 2014 WL 6478054 (N.D. Ill. Nov. 18, 2014); *Am. Chem. & Equip., Inc. 401(K) Ret. Plan v. Principal Mgmt. Corp.*, No. 14 Civ. 00044, 2014 WL 5426908, at *4 (S.D. Iowa Sept. 10, 2014); *Kasilag v. Hartford Inv. Fin. Servs. LLC*, Civ. No. 11 Civ. 1083, 2012 WL 6568409 (D.N.J. Dec. 17, 2012); *Reso v. Artisan Partners Ltd. P'ship*, No. 11 Civ. 873, 2011 WL 5826034 (E.D. Wis. Nov. 18, 2011).

[4] Recognizing that "a fee may be excessive even if it was negotiated by a board in possession of all relevant information," *id*. at 351, the Supreme Court held that courts should not "supplant the judgment of disinterested directors apprised of all relevant information, *without additional evidence that the fee exceeds the arm's-length range*." *Id*. at 352 (emphasis added). Consideration of Section 36(b) claims is a *holistic* one, taking "all relevant circumstances into account" (*id*. at 347) and considering "all relevant factors" (*id*. at 349).

[5] *In re Blackrock*, 2015 WL 1418848, at *4; *Goodman*, 2015 WL 965665, at *5; *Zehrer*, 2014 WL 6478054, at *2; *Reso*, 2011 WL 5826034, at *5-6 (collecting cases). Here, allegations that Fund Trustees' fee determination *process* was deficient (¶¶ 167-78) are far more particularized and substantive than those courts have recently deemed adequate. *See, e.g.*, *Goodman*, 2015 WL 965665, at *5; *In re Blackrock*, 2015 WL 1418848, at *7; *Am. Chem.*, 2014 WL 5426908, at *6-7; *Hunt*, 2006 WL 1581846, at *5. Likewise, allegations tracking the remaining 5 *Gartenberg* factors (*see* ¶¶ 47-154), and demonstrating that Defendants (a) charged the Fund considerably more than other clients *to whom Defendants provided identical investments*; (b) charged considerably more than was paid by other comparable mutual funds; and (c) charged distribution fees wholly out of proportion to distribution efforts – are therefore accorded even greater weight. *Jones*, 559 U.S. at 351-52. These allegations, again, are far more comprehensive and particularized than those found by other courts to state a Section 36(b) claim.

**Kirby McInerney LLP**
Hon. Edgardo Ramos, U.S.D.J.
May 14, 2015
Page 3

**Third**, Defendants argue that Plaintiffs' allegations fail to clear Section 36(b)'s daunting pleading "hurdle" and merely "reprise[]" allegations rejected by the courts (mistaken assertions, respectively, per "Second" and "First" above). Defendants proffer 5 purported "example[s]" of such rejected allegations (May 4 Letter at 2-3). Each, however, is incorrect:

- Importantly, none of Defendants' authorities (a) post-dates *Jones*, or (b) adjudicates pleadings with allegations comparable to those here. More recent and relevant authority has overwhelmingly found such allegations meritorious (*see* n.3 and n.5, *supra*).
- Defendants twice assert (1st and 3rd bullet points) that courts reject allegations concerning periods preceding the 1 year prior to complaint filing. Defendants' own authorities do not support this proposition, and, in fact, courts routinely find such allegations (present in *every* Section 36(b) pleading of which Plaintiffs are aware) relevant. *See e.g.*, *Goodman*, 2015 WL 965665, at *3 (sustaining excessive fee claims for 2013 based in part on allegations concerning 2008 data); *Zehrer*, 2014 WL 6478054, at *5 (sustaining excessive fee claims for 2013 where *none* of the allegations concerned 2013). This is because Section 36(b)(3), which sets forth the 1 year limit, merely limits recoverable *damages* to this 1 year period, not *allegations* concerning prior periods, which are not only relevant, but *logically necessary* under *Gartenberg*, to Section 36(b) claims. *See e.g.*, *Hunt*, 2006 WL 1581846, at *6; *Hunt*, 2006 WL 1751900, at *1 (ordering discovery for the *5* year period prior to complaint filing).
- Defendants assert that courts reject fee comparisons to (a) non-mutual fund clients, and (b) comparable mutual funds. Again, the opposite is true. Such comparisons routinely serve as the *principal* basis for courts to sustain Section 36(b) claims. *See e.g. Kasilag*, 2012 WL 6568409, at *4-5 (both comparisons); *Reso*, 2011 WL 5826034, at *8-9 (both, but especially the former); *Goodman*, 2015 WL 965665 at *5 (former); *In re Blackrock*, 2015 WL 1418848, at *4-5 (former).
- Lastly, Defendants challenge allegations concerning the fee determination process and the distribution fees. But the latter challenge is unaccompanied by any authority whatsoever, and the former rests on one ancient case contravened by the weight of recent authority (as indicated in n.6 *supra*).

In sum, Plaintiffs are confident that none of Defendants' examples identify any flaw in Plaintiffs' pleadings or will prevent Plaintiffs from proceeding with their meritorious Section 36(b) claims.

Respectfully,

*/s/ Ira M. Press*
Ira M. Press

cc.   Counsel of Record via ECF