**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

———————————————————
                                              :
SAUL CHILL and SYLVIA CHILL, for    :
the use and benefit of the CALAMOS     :
GROWTH FUND,                                 :
                                              :
            Plaintiffs,                        :          No. 15-cv-01014 (ER)
                                              :
      v.                                       :          ECF CASE
                                              :
CALAMOS ADVISORS LLC and        :
CALAMOS FINANCIAL SERVICES LLC, :
                                              :
            Defendants.                        :
———————————————————:

### DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(a)(4), Defendants Calamos Advisors LLC

("CA") and Calamos Financial Services LLC ("CFS") (collectively, "Defendants"), by and through

their undersigned counsel, respond to Plaintiffs' Complaint as follows:

In multiple allegations, the Complaint purports to quote from and/or summarize the

contents of documents that were neither authored nor published by Defendants.  With respect to

such allegations, Defendants respectfully refer the Court to the documents at issue for the full and

accurate contents thereof.  To the extent that the headings used in the Complaint are intended to

make averments of fact or characterizations of persons or events, they are denied.

1.      Defendants admit that Plaintiffs purport to bring claims against Defendants pursuant

to Section 36(b) of the Investment Company Act of 1940 ("ICA"), but deny the remaining

allegations contained in Paragraph 1.

2.      Defendants admit that CA is the investment adviser to the Calamos Growth Fund

(the "Fund") and that CFS is the Fund's distributor.  Defendants state that (i) CA provides certain

services to the Fund pursuant to the Investment Management Agreement (the "IMA") between CA

and the Fund, (ii) CA receives a fee from the Fund for providing the services set forth in the IMA, (iii) the IMA is subject to annual review and approval by the Fund's Independent Trustees, and (iv) CFS receives a fee from the Fund for providing services as distributor, pursuant to a distribution plan with the Fund and a Distribution Agreement with Calamos Investment Trust, both which are subject to annual review and approval by the Fund's Independent Trustees.  Defendants deny the remaining allegations contained in Paragraph 2.

3.      The allegations contained in Paragraph 3 state legal conclusions to which no answer is required.

4.      Denied.

5.      To the extent the allegations contained in Paragraph 5 state legal conclusions, no answer is required.  Defendants deny the remaining allegations contained in Paragraph 5.

6.      The allegations contained in Paragraph 6 state legal conclusions to which no answer is required.

7.      The allegations contained in Paragraph 7 state legal conclusions to which no answer is required.

8.      The allegations contained in Paragraph 8 state legal conclusions to which no answer is required.

9.      To the extent the allegations contained in Paragraph 9 state legal conclusions, no answer is required.  Defendants admit that they maintain offices and/or transact business in this judicial district.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore deny those allegations.

11.     Defendants admit that (i) CA is a Delaware limited liability company with corporate headquarters in Naperville, Illinois, (ii) CA is a registered investment adviser under the Investment Advisers Act of 1940, and (iii) CA serves as investment adviser to certain registered and unregistered investment companies, and to private accounts.  Defendants state that the information referenced in Paragraph 11 regarding the funds in the Calamos Fund Complex and the amount of assets under management ("AUM") CA manages is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 11.

12.     Defendants admit that (i) CFS is a Delaware limited liability company with corporate headquarters in Naperville, Illinois, (ii) CFS is a registered broker-dealer under the Securities and Exchange Act of 1934, and (iii) CFS is the exclusive agent to sell and distribute shares of the Fund.  Defendants deny the remaining allegations contained in Paragraph 12.

13.     Defendants admit that (i) CA and CFS are subsidiaries of Calamos Investments LLC ("CILLC"), (ii) Calamos Asset Management, Inc. ("CAMI") is the corporate parent of CILLC, (iii) CAMI's Class B shares are owned by Calamos Family Partners, Inc. ("CFPI"), and (iv) John P. Calamos, Sr. and CFPI have a combined majority economic interest in CILLC.  Defendants deny the remaining allegations contained in Paragraph 13.

14.     Defendants admit that (i) CILLC is a Delaware limited liability company with corporate headquarters in Naperville, Illinois, (ii) CILLC is a holding company whose subsidiaries include Calamos Wealth Management LLC, a U.S. investment advisor, and Calamos Investments LLP, a U.K. investment manager and distributor, and (iii) CAMI is the sole manager of CILLC. Defendants deny the remaining allegations contained in Paragraph 14.

15.     Defendants admit that (i) CAMI is a publicly-held Delaware corporation with corporate headquarters in Naperville, Illinois, (ii) as of December 31, 2015, CAMI owns a 22% economic interest in CILLC, and CFPI and John P. Calamos, Sr. own the remaining economic interest in CILLC, (iii) CAMI has Class A shares, which are traded on the NASDAQ Global Select Market, and Class B shares, which are owned by CFPI, and (iv) as of December 31, 2015, CFPI holds 97% of voting interest over CAMI.  Defendants deny the remaining allegations contained in Paragraph 15.

16.     Defendants admit that (i) CFPI is a privately-held Delaware corporation with corporate headquarters in Naperville, Illinois, (ii) CFPI holds all Class B shares issued by CAMI, and (iii) John P. Calamos, Sr., John P. Calamos, Jr. and their respective trusts own CFPI. Defendants deny the remaining allegations contained in Paragraph 16.

17.     Defendants admit that (i) John P. Calamos, Sr. is Founder, Chairman, and Global Co-Chief Investment Officer of CAMI, and he was the Chief Executive Officer of CAMI until April 4, 2016, and (ii) John P. Calamos, Sr. and CFPI hold a combined majority economic interest in CILLC.  Defendants state that Calamos' Form ADV is a document that speaks for itself and therefore deny any characterization inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 17.

18.     Paragraph 18 contains no allegations and thus no answer is required.

19.     Defendants admit that (i) CFS is the exclusive agent to sell and distribute shares of the Fund, and (ii) John P. Calamos Sr. is a member of the Fund's Board of Trustees. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding other mutual funds contained in Paragraph 19 and therefore deny those allegations.  Defendants deny the remaining allegations contained in Paragraph 19.

20.     Defendants state that the text of S. Rep. No. 91-184 (1969) speaks for itself and therefore deny any characterizations inconsistent with its terms.

21.     Defendants state that the text of S. Rep. No. 91-184 (1969) speaks for itself and therefore deny any characterizations inconsistent with its terms.

22.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the mutual fund industry as a whole and therefore deny the allegations contained in Paragraph 22.

23.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the mutual fund industry as a whole contained in Paragraph 23 and therefore deny those allegations.  Defendants deny the remaining allegations contained in Paragraph 23.

24.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the mutual fund industry as a whole contained in Paragraph 24 and therefore deny those allegations.  Defendants deny the remaining allegations contained in Paragraph 24.

25.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore deny those allegations.

26.     Defendants state that the documents referenced in Paragraph 26 speak for themselves and therefore deny any characterizations inconsistent with their terms.

27.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and therefore deny those allegations.

28.     Defendants state that the text of the ICA speaks for itself and therefore deny any characterizations inconsistent with its terms.

29.     Defendants admit that the Fund is an open-end investment company registered under the ICA.  Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the mutual fund industry as a whole contained in Paragraph 29 and therefore deny those allegations.  Defendants deny the remaining allegations contained in Paragraph 29.

30.     Defendants admit that (i) the Fund does not have employees or facilities of its own, and (ii) the Fund's operations are conducted pursuant to contracts between external service providers and the Fund, where applicable.  Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the mutual fund industry as a whole contained in Paragraph 30 and therefore deny those allegations.  Defendants deny the remaining allegations contained in Paragraph 30.

31.     Defendants admit CA is the Fund's investment adviser and CFS is the Fund's distributor.  Defendants state that the services performed by CA and CFS are outlined in the IMA and Distribution Agreement, respectively, and those documents speak for themselves.  Defendants deny the remaining allegations contained in Paragraph 31.

32.     Denied.

33.     Defendants admit that (i) the Fund has a Board of Trustees, which includes John P. Calamos, Sr., and (ii) the Board is responsible, among other things, for selecting the Fund's investment adviser and distributor in accordance with statutory and legal requirements.  Defendants deny the remaining allegations contained in Paragraph 33.

34.     Admitted.

35.     Defendants state that the IMA is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.

36.     Defendants state that the documents referenced in Paragraph 36 speak for themselves and therefore deny any characterizations inconsistent with their terms.

37.     Defendants state that the documents referenced in Paragraph 37 speak for themselves and therefore deny any characterizations inconsistent with their terms.

38.     Defendants state that the document referenced in Paragraph 38 speaks for itself and therefore deny any characterizations inconsistent with its terms.

39.     Defendants state that the documents referenced in Paragraph 39 speak for themselves and therefore deny any characterizations inconsistent with their terms.  Defendants state that Gary D. Black is no longer a Co-Chief Investment Officer at CA and otherwise deny the remaining allegations contained in Paragraph 39.

40.     Defendants admit that at one time, measured by assets under management, the Fund was the largest mutual fund or account managed by CA.  Defendants deny the remaining allegations contained in Paragraph 40.

41.     Defendants admit that CA provides investment advisory services to a variety of funds, including open-end and closed-end funds, as set forth in publicly-available documents, including documents filed with the SEC.  Defendants state that the remaining information referenced in Paragraph 41, such as fund names, assets under management as of a certain date chosen by Plaintiffs, investment strategies employed, and inception dates for such funds, are contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.

42.     Defendants admit that as of December 31, 2013, measured by AUM, the Fund was the largest mutual fund or account managed by CA.  Defendants state that the Fund's AUM as of the date referenced in Paragraph 42 is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 42.

43.     Denied.

44.     Defendants state that the documents referenced in Paragraph 44 speak for themselves and therefore deny any characterizations inconsistent with their terms.  Defendants deny the remaining allegations contained in Paragraph 44.

45.     Defendants hereby incorporate by reference their answers to the allegations contained in Section VI of Plaintiffs' Complaint.  Defendants state that certain information regarding the amount of distribution fees paid by the open-end mutual funds advised by CA, including the Fund, is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 45.

46.     Denied.

47.     To the extent the allegations contained in Paragraph 47 state legal conclusions, no answer is required.  Defendants state that the ICA speaks for itself and therefore deny any characterizations inconsistent with its terms.   Defendants hereby incorporate by reference their answers to the allegations contained in Section V.A-F of Plaintiffs' Complaint.

48.     Defendants state that the Form ADV is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants further state that the AUM for funds managed by CA as of the date referenced in Paragraph 48 is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms. Defendants deny the remaining allegations contained in Paragraph 48.

49.     Denied.

50.     Denied.

51.     Defendants state that the IMA is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.

52.     Defendants state that the IMA is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.

53.     Defendants state that the documents referenced in Paragraph 53 speak for themselves and therefore deny any characterizations inconsistent with their terms.  Defendants deny the remaining allegations contained in Paragraph 53.

54.     Defendants state that the documents referenced in Paragraph 54 speak for themselves and therefore deny any characterizations inconsistent with their terms.

55.     Denied.

56.     Defendants state that the Fund's strategy is set forth in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 56.

57.     Defendants state that the document referenced in Paragraph 57 speaks for itself and therefore deny any characterizations inconsistent with its terms.

58.     Defendants state that the Fund's AUM as of the date referenced in Paragraph 58 is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 58.

59.     Denied.

60.     Defendants state that the document referenced in Paragraph 60 speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 60.

61.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 regarding "Plaintiffs' investigation" or purported "[c]oncrete case studies," and they therefore deny those allegations.  Defendants deny the remaining allegations of Paragraph 61.

62.     Defendants state that the documents referenced in Paragraph 62 speak for themselves and therefore deny any characterizations inconsistent with their terms.  Defendants deny the remaining allegations contained in Paragraph 62.

63.     Defendants state that the documents referenced in Paragraph 63 speak for themselves and therefore deny any characterizations inconsistent with their terms.  Defendants deny the remaining allegations contained in Paragraph 63.

64.     Defendants state that the information referenced in Paragraph 64 regarding the advisory fee paid by the Fund and the fees paid by the third-party funds are contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for

themselves; Defendants therefore deny any characterizations inconsistent with those terms. Defendants deny the remaining allegations contained in Paragraph 64.

65.     Defendants state that the documents referenced in Paragraph 65 speak for themselves and therefore deny any characterizations inconsistent with their terms.  Defendants deny the remaining allegations contained in Paragraph 65.

66.     Defendants state that the document referenced in Paragraph 66 speaks for itself and therefore deny any characterizations inconsistent with its terms.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Defendants state that the IMA is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 70.

71.     Defendants state that the IMA is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms. Defendants deny the remaining allegations contained in Paragraph 71.

72.     Denied.

73.     Defendants admit that Bloomberg places the Fund in its "Growth Large Cap" objective category.

74.     Defendants are without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and therefore deny those allegations.

75.     Denied.

76.     Defendants are without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and therefore deny those allegations.

77.     Denied.

78.     Denied.

79.     Defendants state that the information referenced in Paragraph 79 regarding advisory fee rates contained in the IMA between CA and the Fund is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.

80.     Defendants state that the information referenced in Paragraph 80 regarding advisory fee rates contained in the IMA between CA and the Fund is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms. Defendants deny the remaining allegations contained in Paragraph 80.

81.     Defendants state that the information referenced in Paragraph 81 regarding the advisory fee rates contained in the IMA between CA and the Fund, the annual amount of advisory fees paid pursuant to the IMA, and the amount of AUM, is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 81.

82.     Defendants state that the information referenced in Paragraph 82 regarding the advisory fee rates contained in the IMA between CA and the Fund, the annual amount of advisory fees paid pursuant to the IMA, and the amount of AUM, is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves;

Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 82.

83.    Defendants state that the information referenced in Paragraph 83 regarding the advisory fee rates contained in the IMA between CA and the Fund, the annual amount of advisory fees paid pursuant to the IMA, and the amount of AUM, is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms. Defendants deny the remaining allegations contained in Paragraph 83.

84.    Defendants admit that Table 7 in Paragraph 84 purports to set forth Plaintiffs' calculation of hypothetical blended rates based on hypothetical assets under management. Defendants deny the remaining allegations contained in Paragraph 84.

85.    Defendants admit that the referenced "Table 7" purports to set forth Plaintiffs' calculation of hypothetical blended rates based on hypothetical assets under management. Defendants deny the remaining allegations contained in Paragraph 85.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.     Defendants state that the documents referenced in Paragraph 95 are documents that speak for themselves and therefore deny any characterizations inconsistent with their terms. Defendants deny the remaining allegations contained in Paragraph 95.

96.     Defendants state that the document referenced in Paragraph 96 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 96.

97.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and therefore deny those allegations.

98.     Denied.

99.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 regarding other "investment advisors" and therefore deny those allegations.  Defendants deny the remaining allegations contained in Paragraph 99.

100.    Defendants hereby incorporate by reference their answers to the allegations contained in Section IV.E of Plaintiffs' Complaint.  Defendants state that the Fund's AUM as of the dates referenced in Paragraph 100 is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.   Defendants deny the remaining allegations contained in Paragraph 100.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Defendants state that the number of securities in which the Fund invested on behalf of its shareholders and the Fund's AUM as of the dates referenced in Paragraph 104 is contained

in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms. Defendants deny the remaining allegations contained in Paragraph 104.

105.   Defendants state that the documents referenced in Paragraph 105 are documents that speak for themselves and therefore deny any characterizations inconsistent with their terms. Defendants deny the remaining allegations contained in Paragraph 105.

106.   Defendants state that the information referenced in Paragraph 106 regarding the advisory fee rates contained in the IMA between CA and the Fund, the annual amount of advisory fees paid pursuant to the IMA, and the amount of AUM, is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms. Defendants deny the remaining allegations contained in Paragraph 106.

107.   Denied.

108.   Defendants state that the IMA is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms. Defendants deny the remaining allegations contained in Paragraph 108.

109.   Defendants admit that the Fund currently has less than $6 billion in AUM. Defendants deny the remaining allegations contained in Paragraph 109.

110.   Defendants state that the IMA is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms. Defendants deny the remaining allegations contained in Paragraph 110.

111.   Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the mutual fund industry as a whole contained

in Paragraph 111 and therefore deny those allegations.  Defendants deny the remaining allegations contained in Paragraph 111.

112.    Defendants admit that CFS, State Street Bank and Trust Company, US Bancorp Fund Services LLC, and Deloitte & Touche LLP provide services to the Fund under the supervision and oversight of CA, and that K&L Gates LLP at one time provided services to the Fund. Defendants further state that the Fund's SEC filings are documents that speak for themselves and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 112.

113.    Defendants admit that the entities listed in Paragraph 112 provide services to the Fund pursuant to separate agreements under the supervision and oversight of CA and the Fund's Board of Trustees.  Defendants state that the IMA is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 113, and specifically deny the insinuation that because other entities provide services to the Fund, Defendants have no responsibility for overseeing those services.

114.    Defendants state that the IMA and the Financial Accounting Services Agreement are documents that speak for themselves and therefore deny any characterizations inconsistent with their terms.  Defendants deny the remaining allegations contained in Paragraph 114.

115.    Defendants state that the information referenced in Paragraph 115 regarding certain expenses of the Fund is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 115.

116.    Denied.

117.     Defendants state that the IMA is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.   Defendants deny the remaining allegations contained in Paragraph 117.

118.     Defendants state that the documents referenced in Paragraph 118 are documents that speak for themselves and therefore deny any characterizations inconsistent with their terms. Defendants deny the remaining allegations contained in Paragraph 118.

119.     Defendants state that the IMA is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.   Defendants deny the remaining allegations contained in Paragraph 119.

120.     Denied.

121.     Defendants state that the Fund's benchmarks as referenced in Paragraph 121 are contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 as to "other mutual funds" and therefore deny those allegations.  Defendants deny the remaining allegations contained in Paragraph 121.

122.     Defendants state that information referenced in Paragraph 122 is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms. Defendants deny the remaining allegations contained in Paragraph 122.

123.     Defendants admit that Morningstar categorizes the Fund as a "Large Growth" fund. Defendants state that the information referenced in Paragraph 123 is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for

themselves; Defendants therefore deny any characterizations inconsistent with those terms. Defendants deny the remaining allegations contained in Paragraph 123.

124.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Morningstar's rating process and therefore deny those allegations.

125.    Defendants admit that (i) Morningstar has previously assigned the Fund 1 star for the 5 year and 10 year periods, and (ii) Morningstar has previously assigned the Fund 1 star "overall."  Defendants deny the remaining allegations contained in Paragraph 125.

126.    Defendants admit that Morningstar has categorized the Fund's fee level as "high." Defendants otherwise deny the allegations contained in Paragraph 126.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Defendants admit that (i) CA at one time provided subadvisory services to the Genworth Calamos Growth Fund, the Thrivent Partner All Cap Growth Portfolio, the Strategic Partners New Era Growth Fund, and the Strategic Partners Mid Cap Growth Fund, and (ii) CA's subadvisory relationship with each of those funds has ended.  Defendants otherwise deny the allegations contained in Paragraph 132.

133.    Defendants state that the document referenced in Paragraph 133 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 133.

18

134.    Defendants admit that the Fund has continued to retain CA as investment adviser. Defendants deny the remaining allegations contained in Paragraph 134.

135.    Denied.

136.    Denied.

137.    Defendants admit that CAMI is a publicly-traded company and that CAMI includes certain financial statements in its filings to the SEC.  Defendants state that the document referenced in Paragraph 137 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny remaining the allegations contained in Paragraph 137.

138.    Defendants state that the information referenced in Paragraph 138 is purportedly based on information contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms. Defendants deny the remaining allegations contained in Paragraph 138.

139.    Defendants state that the information referenced in Paragraph 139 is purportedly based on information contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 139.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.   Denied.

146.   To the extent that the allegations of Paragraph 146 are based on information contained in publicly-available documents, the contents of such documents speak for themselves and Defendants therefore deny any characterizations inconsistent with those terms.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 purportedly relating to other mutual funds and therefore deny those allegations. Defendants deny the remaining allegations contained in Paragraph 146.

147.   Defendants admit that (a) "fall-out benefits" can be defined as indirect profits to an investment adviser attributable in some way to the existence of an open-end investment company that would not have occurred but for its relationship with the open-end investment company, and (b) fall-out benefits may be a relevant consideration by a fund's Board of Trustees when considering whether to approve the management agreement with the fund's adviser.  Defendants deny the remaining allegations contained in Paragraph 147.

148.   Denied.

149.   Denied.

150.   Denied.

151.   To the extent that the allegations of Paragraph 151 are based on information contained in publicly-available documents, the contents of such documents speak for themselves and Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 151.

152.   Denied.

153.   To the extent that the allegations of Paragraph 153 are based on information contained in publicly-available documents, the contents of such documents speak for themselves

and Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 153.

154.    To the extent that the allegations of Paragraph 154 are based on information contained in publicly-available documents, the contents of such documents speak for themselves and Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 154.

155.    Defendants admit that the advisory fee paid by the Fund to CA is reviewed, evaluated, and approved by the Fund's Independent Trustees on an annual basis pursuant to Section 15(c) of the ICA.  Defendants deny the remaining allegations contained in Paragraph 155.

156.    Defendants admit that the advisory fee paid by the Fund to CA is reviewed, evaluated, and approved by the Fund's Independent Trustees on an annual basis pursuant to Section 15(c) of the ICA.  To the extent the allegations contained in Paragraph 156 state legal conclusions, no answer is required.  Defendants deny the remaining allegations contained in Paragraph 156.

157.    Defendants admit that the advisory fee paid by the Fund to CA is reviewed, evaluated, and approved by the Fund's Independent Trustees on an annual basis pursuant to Section 15(c) of the ICA.  To the extent the allegations contained in Paragraph 157 state legal conclusions, no answer is required.  Defendants deny the remaining allegations contained in Paragraph 157.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Defendants admit that the advisory fee paid by the Fund to CA is reviewed, evaluated, and approved by the Fund's Independent Trustees on an annual basis pursuant to Section

15(c) of the ICA.  To the extent the allegations contained in Paragraph 161 state legal conclusions, no answer is required.  Defendants deny the remaining allegations contained in Paragraph 161.

162.    Defendants admit that each of the individuals listed in Paragraph 162 is and/or was a Trustee of the Fund.  Defendants state that the dates of service for each such individual are contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 162.

163.    Defendants state that the dates of service for each Trustee as referenced in Paragraph 163 are contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 163.

164.    Defendants admit that (i) the Fund's Independent Trustees serve on the boards of all of the funds in the Calamos Fund Complex, and (ii) during the fiscal year ended October 31, 2013, the Fund's then-current Independent Trustees received compensation of $142,000 or more for their service on the boards of the funds within the Calamos Fund Complex.  Defendants deny the remaining allegations contained in Paragraph 164.

165.    Defendants admit that (i) the Fund's Independent Trustees hold formal meetings four times a year, (ii) the Fund's Independent Trustees review, evaluate, and approve the IMA between CA and the Fund on an annual basis pursuant to Section 15(c) of the ICA, and (iii) the Independent Trustees carry out other oversight responsibilities with respect to the Fund as well, including but not limited to those listed in Paragraph 165.  Defendants deny the remaining allegations contained in Paragraph 165.

166.     Defendants admit that (i) the Fund's Independent Trustees held a meeting on June 26, 2014, for the purpose, among other things, to consider the proposed renewal of the IMA between CA and the Fund pursuant to Section 15(c) of the ICA, (ii) the Independent Trustees requested, received and considered all information reasonably necessary for them to review and evaluate the IMA in advance of this June 2014 meeting, and (iii) the Independent Trustees approved the IMA between CA and the Fund, as well as the management agreements between CA and other funds in the Calamos Fund Complex.  Defendants deny the remaining allegations contained in Paragraph 166.

167.     To the extent that the allegations of Paragraph 167 are based on information contained in publicly-available documents, the contents of such documents speak for themselves and Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 167.

168.     Defendants admit that the Independent Trustees requested, received and considered all information reasonably necessary for them to review and evaluate the IMA between CA and the Fund as required by Section 15(c) of the ICA.  Defendants deny the remaining allegations contained in Paragraph 168.

169.     Defendants state that the document referenced in Paragraph 169 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 169.

170.     Defendants state that the document referenced in Paragraph 170 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 170.

171.   Defendants state that the document referenced in Paragraph 171 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 171.

172.   Defendants state that the document referenced in Paragraph 172 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 172.

173.   Defendants admit that the Fund's Independent Trustees requested, received and considered all information reasonably necessary to review and evaluate the IMA between CA and the Fund pursuant to Section 15(c) of the ICA.  Defendants state that the document referenced in Paragraph 173 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 173.

174.   Defendants admit that the Fund's Independent Trustees requested, received and considered all information reasonably necessary to review and evaluate the IMA between CA and the Fund pursuant to Section 15(c) of the ICA.  Defendants state that the document referenced in Paragraph 174 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 174.

175.   Defendants admit that the Fund's Independent Trustees requested, received and considered all information reasonably necessary to review and evaluate the IMA between CA and the Fund pursuant to Section 15(c) of the ICA.  Defendants state that the document referenced in Paragraph 175 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 175.

176.   Defendants admit that the Fund's Independent Trustees requested, received and considered all information reasonably necessary to review and evaluate the IMA between CA and

the Fund pursuant to Section 15(c) of the ICA.  Defendants state that the document referenced in Paragraph 176 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 176.

177.    Defendants admit that the Fund's Independent Trustees requested, received and considered all information reasonably necessary to review and evaluate the IMA between CA and the Fund pursuant to Section 15(c) of the ICA.  Defendants state that the document referenced in Paragraph 177 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 177.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Defendants admit that the Fund's Independent Trustees have reviewed and approved the IMA between CA and the Fund, including the investment advisory fee to be paid by the Fund to CA for services provided to the Fund, pursuant to Section 15(c) of the ICA.  Defendants deny the remaining allegations contained in Paragraph 181.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Defendants admit that at one time CA provided subadvisory services the funds referenced in Paragraph 62 in exchange for a fee.  Defendants deny the remaining allegations contained in Paragraph 185.

186.    Defendants admit that CA provided certain subadvisory services to mutual funds in exchange for a fee.  Defendants deny the remaining allegations contained in Paragraph 186.

187.    Denied.

188.    Defendants admit that the Fund's Independent Trustees review and approve the IMA between the Fund and CA, including the investment advisory fee paid by the Fund to CA for services rendered, on an annual basis pursuant to Section 15(c) of the ICA.  Defendants state that the text of 15 U.S.C. § 80a-15(c) speaks for itself and therefore deny any characterization inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 188.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Defendants hereby incorporate by reference their answers to the allegations contained in Paragraphs 167-78.   Defendants deny the remaining allegations contained in Paragraph 197.

198.    Defendants hereby incorporate by reference their answers to the allegations contained in Section V.A.4 and Table 6 of Plaintiffs' Complaint.  Defendants deny the remaining allegations contained in Paragraph 198.

199.    Defendants hereby incorporate by reference their answers to the allegations contained in Section V.A.4 of Plaintiffs' Complaint.  Defendants deny the remaining allegations contained in Paragraph 199.

200.    Denied.

201.    Defendants hereby incorporate by reference their answers to the allegations contained in Section V.A.2-3 of Plaintiffs' Complaint.  Defendants state that the IMA is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms. Defendants deny the remaining allegations contained in Paragraph 201.

202.    Defendants state that the IMA is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.   Defendants deny the remaining allegations contained in Paragraph 202.

203.    Defendants hereby incorporate by reference their answers to the allegations contained in Section V.C.3 and Table 11 of Plaintiffs' Complaint.  Defendants admit that CA at one time provided certain subadvisory services to the funds referenced in Paragraph 132, and that CA's subadvisory relationship with each of those funds has ended.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning any person or entity other than Defendants and therefore deny those allegations.  Defendants deny the remaining allegations contained in Paragraph 203.

204.    Denied.

205.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 and therefore deny those allegations.

206.    Defendants state that the document referenced in Paragraph 206 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 206, and thus deny those allegations.

207.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207 and therefore deny those allegations.

208.    Defendants admit that fees earned pursuant to Rule 12b-1, 17 C.F.R. § 270.12b-1, are sometimes referred to as "12b-1 fees."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 208 and therefore deny those allegations.

209.    Defendants state that the text of 17 C.F.R. § 270.12b-1 speaks for itself and therefore deny any characterizations inconsistent with its terms.  To the extent the allegations contained in Paragraph 209 state legal conclusions, no answer is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 209 and therefore deny those allegations.

210.    Defendants state that the Distribution Plan between the Fund and CFS is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.

211.    Defendants state that the Distribution Plan between the Fund and CFS is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.

212.    Defendants hereby incorporate by reference their answer to the allegations contained in Paragraph 210.  To the extent that the allegations of Paragraph 212 are based on information contained in publicly-available documents, including documents filed with the SEC, the contents of such documents speak for themselves and Defendants therefore deny any characterizations inconsistent with those terms.

213.    Defendants state that certain information regarding the amount of distribution fees paid by the open-end mutual funds advised by CA, including the Fund, is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for

themselves; Defendants therefore deny any characterizations inconsistent with those terms. Defendants deny the remaining allegations contained in Paragraph 213.

214.   Defendants deny the allegations contained in Paragraph 214 insofar as such allegations are directed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 214 and therefore deny those allegations.

215.   Defendants deny the allegations contained in Paragraph 215 insofar as such allegations are directed to them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 215 and therefore deny those allegations.

216.   Defendants deny the allegations contained in Paragraph 216 insofar as such allegations are directed at them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 216 and therefore deny those allegations.

217.   Denied.

218.   Defendants deny the allegations contained in Paragraph 218 insofar as such allegations are directed at them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 218 and therefore deny those allegations.

219.   Denied.

220.   Defendants state that certain information regarding the amount of distribution fees paid by the open-end mutual funds advised by CA, including the Fund, is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for

themselves; Defendants therefore deny any characterizations inconsistent with those terms. Defendants deny the remaining allegations contained in Paragraph 220.

221.   Defendants hereby incorporate by reference their answer to the allegations contained in Paragraph 213.  Defendants deny the remaining allegations contained in Paragraph 221.

222.   Admitted.

223.   Defendants hereby incorporate by reference their answers to the allegations contained in Sections VI.A and VI.D of Plaintiffs' Complaint.  Defendants state that the document referenced in Paragraph 223 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 223 and therefore deny those allegations.

224.   Defendants hereby incorporate by reference their answers to the allegations contained in Section V.C.4 of Plaintiffs' Complaint.  Defendants state that the Fund's AUM and advisory fee rates are contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 224.

225.   Defendants hereby incorporate by reference their answers to allegations contained in Section V.B of Plaintiffs' Complaint.  Defendants deny the remaining allegations contained in Paragraph 225.

226.   Denied.

227.     Defendants hereby incorporate by reference their answer to the allegations contained in Paragraph 213.  Defendants state that the Fund's AUM is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms. Defendants deny the remaining allegations contained in Paragraph 227.

228.     Defendants admit that the Fund's Independent Trustees annually reviewed and approved the Fund's distribution plan, including the payment of distribution fees by the Fund to CFS, in accordance with Section 12(b) of the ICA and Rule 12b-1 promulgated thereunder. Defendants state that certain information regarding the amount of distribution fees paid by the open-end mutual funds advised by CA, including the Fund, is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 228.

229.     Defendants state that the Fund's AUM is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 229.

230.     Defendants admit that the Fund's Independent Trustees annually review and approve the Fund's distribution plan, including the payment of distribution fees by the Fund to CFS, in accordance with Section 12(b) of the ICA and Rule 12b-1 promulgated thereunder. Defendants state that certain information regarding the amount of distribution fees paid by the open-end mutual funds advised by CA, including the Fund, is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves;

Defendants therefore deny any characterizations inconsistent with those terms.  Defendants deny the remaining allegations contained in Paragraph 230.

231.    Denied.

232.    Defendants admit that in 2009, the Fund discontinued issuance and sale of Class B shares to new investors but existing holders of Class B shares could request that Fund dividends and distributions be reinvested in Class B shares.  Defendants deny the remaining allegations contained in Paragraph 232.

233.    Denied.

234.    Denied.

235.    Denied.

236.    Defendants hereby incorporate by reference their answers to the allegations contained in Section V.C.1 of Plaintiffs' Complaint.  Defendants deny the remaining allegations contained in Paragraph 236.

237.    Denied.

238.    Defendants admit that (i) the Fund issues Class I shares, (ii) the minimum initial investment in Class I shares is $1 million, and (iii) Class I shares pay no distribution fees.

239.    Denied.

240.    Defendants hereby incorporate by reference their answers to the allegations contained in Section V.A.2 of Plaintiffs' Complaint.  Defendants deny the remaining allegations contained in Paragraph 240.

241.    Defendants admit that (i) Class I shares pay no distribution fees, and (ii) the minimum initial investment in Class I shares is $1 million.  Defendants deny the remaining allegations contained in Paragraph 241.

242.     Defendants admit that Class I shares pay no distribution fees.  Defendants deny the remaining allegations contained in Paragraph 242.

243.     Defendants hereby incorporate by reference their answers to the allegations contained in Section VI.B of Plaintiffs' Complaint.  Defendants deny the remaining allegations contained in Paragraph 243.

244.     Denied.

245.     Denied.

246.     Denied.

247.     Denied.

248.     Denied.

249.     Defendants admit that the Fund's Board of Trustees annually reviews and approves the Fund's distribution plan, including the payment of distribution fees by the Fund to CFS, in accordance with Section 12(b) of the ICA and Rule 12b-1 promulgated thereunder.  Defendants deny the remaining allegations contained in Paragraph 249.

250.     Defendants state that the document referenced in Paragraph 250 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny remaining the allegations contained in Paragraph 250.

251.     Defendants hereby incorporate by reference their answers to Section V.F.2 of Plaintiffs' Complaint.  Defendants deny the remaining allegations contained in Paragraph 251.

252.     Denied.

253.     Denied.

254.     Denied.

255.    Defendants state that the document referenced in Paragraph 255 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 255.

256.    Defendants incorporate by reference their answers to the allegations contained in Sections VI.C.2 and VI.C.3 of Plaintiffs' Complaint.  Defendants deny the remaining allegations contained in Paragraph 256.

257.    Denied.

258.    Denied.

259.    Defendants state that the document referenced in Paragraph 259 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 259.

260.    Defendants hereby incorporate by reference their answers to the allegations contained in Section VI.C.4 of Plaintiffs' Complaint.  Defendants deny the remaining allegations contained in Paragraph 260.

261.    Defendants state that the document referenced in Paragraph 261 is a document that speaks for itself and therefore deny any characterizations inconsistent with its terms.  Defendants deny the remaining allegations contained in Paragraph 261.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Denied.

266.    Denied.

267.    Defendants state that the amount of advisory fees and certain information regarding the amount of distribution fees paid by the Fund to CA and CFS, respectively is contained in publicly-available documents, including documents filed with the SEC, the contents of which speak for themselves; Defendants therefore deny any characterizations inconsistent with those terms.

268.    Defendants hereby incorporate by reference their answers to the allegations contained in Sections V.A.2-3 and VI.C of Plaintiffs' Complaint.  Defendants deny the remaining allegations of Paragraph 268.

269.    Defendants repeat their answers to each allegation set forth above, as if fully set forth herein.

270.    Defendants admit that Plaintiffs purport to assert Count I on behalf of and for the benefit of the Fund against Defendant CA.  Defendants deny that Plaintiffs are entitled to any form of relief.

271.    Defendants admit that CA is the investment adviser to the Fund.

272.    To the extent the allegations contained in Paragraph 272 state legal conclusions, no answer is required.  Defendants deny the remaining allegations contained in Paragraph 272.

273.    Denied.

274.    Denied.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Defendants admit that Plaintiffs purport to bring a claim on behalf of and for the benefit of the Fund and seek to recover actual damages pursuant to Section 36(b)(3).  Defendants

deny any liability under Section 36(b)(3) and state that Plaintiffs are not entitled to any form of relief.

279.    Defendants admit that Plaintiffs alternatively seek recession of the IMA and restitution of all purportedly excessive investment advisory fees paid by the Fund pursuant to the IMA under Section 47(b) of the ICA, 15 U.S.C. § 80a-46(b).  Defendants deny any liability under Section 47(b) of the ICA, 15 U.S.C. § 80a-46(b), and state that Plaintiffs are not entitled to any form of relief.

280.    Defendants repeat their answers to each allegation set forth above, as if fully set forth herein.

281.    Defendants admit that Plaintiffs purport to assert Count II on behalf of and for the benefit of the Fund against Defendants CA and CFS.  Defendants deny that Plaintiffs are entitled to any form of relief.

282.    Denied.

283.    Denied.

284.    Denied.

285.    Denied.

286.    Defendants admit that Plaintiffs seek to recover actual damages under Section 36(b)(3) of the ICA resulting from Defendants' purported breach of fiduciary duty, or alternatively, rescission of contracts under Section 47(b) of the ICA.  Defendants deny any liability under Sections 36(b)(3) or 47(b) of the ICA and state that Plaintiffs are not entitled to any form of relief.

**WHEREFORE**, Defendants deny all liability, state that Plaintiff is entitled to no form of relief, and hereby demand judgment dismissing the Complaint in its entirety and awarding to the

Defendants its costs and expenses, including attorneys' fees and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendants hereby give notice that they intend to rely upon the following and such other and further defenses as may become available or apparent during pretrial proceedings in this case and hereby reserve all rights to assert such defenses.

### First Affirmative Defense
(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted against Defendants.

### Second Affirmative Defense
(Lack of Standing)

To the extent Plaintiffs purport to assert a claim on behalf of any share classes of the Fund other than the class in which they hold and have continuously held throughout the duration of the litigation, Plaintiffs lack standing to assert such a claim.

### Third Affirmative Defense
(Limitation on Time for Recovery)

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and the one-year "look back" statutory limitation on damages included in Section 36(b) of the ICA.

### Fourth Affirmative Defense
(Laches, Waiver, Estoppel, Unclean Hands, Ratification, Disclosure and/or Consent)

Plaintiffs, by virtue of their voluntary decision to purchase and continue holding shares in the Fund, and their subsequent receipt of information concerning the performance, fee schedules, and total expense ratios of the Fund over the course of time, were fully informed of all material facts pertaining to Defendants' receipt of compensation paid on behalf of the Funds for services provided to the Funds.  While thus fully informed, Plaintiffs expressed their satisfaction with their

investments by retaining their shares in the Fund.  Plaintiffs' claims are therefore barred in whole

or in part by the doctrines of laches, waiver, estoppel, unclean hands, ratification, disclosure and/or

consent.

## **Fifth Affirmative Defense**
(No Right to Jury Trial)

Plaintiff is not entitled to a jury trial for a claim brought under Section 36(b).


Dated:  April 13, 2016                                    Respectfully submitted,

                                                                    DECHERT LLP

                                                                    */s/* Matthew L. Larrabee
                                                                    Matthew L. Larrabee
                                                                    David A. Kotler
                                                                    Melanie MacKay
                                                                    Catherine V. Wigglesworth
                                                                    Amanda Tuminelli
                                                                    1095 Avenue of the Americas
                                                                    New York, NY  10036-6797
                                                                    Telephone:  (212) 698-3500

                                                                    *Counsel for Defendants Calamos Advisors*
                                                                    *LLC and Calamos Financial Services LLC*