# MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: 5/6/2016

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ——————————————————— : | |
| SAUL CHILL and SYLVIA CHILL, for : <br> the use and benefit of the CALAMOS : <br> GROWTH FUND, : <br> : | Endorsement on last page. |
| Plaintiffs, : | No. 15-cv-01014 (ER) |
| : <br> v. : | ECF CASE |
| : <br> CALAMOS ADVISORS LLC and : <br> CALAMOS FINANCIAL SERVICES LLC, : <br> : | |
| Defendants. : <br> ——————————————————— : | |

## PARTIES' REPORT PURSUANT TO FRCP 26(f)

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP"), and this

Court's Rules of Practice, attorneys for Plaintiffs Saul Chill and Sylvia Chill ("Plaintiffs") and

attorneys for Defendants Calamos Advisors LLC and Calamos Financial Services LLC

("Defendants") held a Rule 26(f) conference by telephone on April 13, 2016.  The conference

was attended by Ira Press and Mark Strauss of Kirby McInerney LLP, on behalf of Plaintiffs, and

Matthew Larrabee, David Kotler, and Amanda Tuminelli of Dechert LLP, on behalf of

Defendants.  The parties' counsel continued to discuss certain of the subjects addressed below

following the conference.

The parties respectfully submit the following report and proposed discovery plan.  Where

the parties have been unable to agree, the report indicates their respective positions below.

## I.      Nature Of Claims And Defenses

Plaintiffs' response: The Complaint in this case asserts that Defendants breached their

fiduciary duties under Section 36(b) of the Investment Company Act of 1940 (the "ICA"), as

amended, 15 U.S.C. § 80a-35(b) ("Section 36(b)"), with respect to their receipt of compensation for: (1) the investment advisory services Defendant Calamos Advisors LLC performed as investment adviser to the Calamos Growth Fund (the "Fund"), and (2) the distribution services Defendant Calamos Financial Services LLC performed as distributor to the Fund.

Defendants' response: Defendants contend that Plaintiffs will be unable to meet their burden to prove that either Calamos Advisors LLC ("CA") or Calamos Financial Services LLC ("CFS") has breached its fiduciary duty under Section 36(b) of ICA, to wit: (i) Plaintiffs will not be able to establish that the investment management fees and distribution fees that they are challenging in this action violate the applicable legal standard, i.e., that the fees are so disproportionately large that they bear no reasonable relationship to the services rendered such that they could not have been bargained at arm's length; and (ii) Plaintiffs will not be able to establish any basis to overturn the business judgment of the Fund's independent trustees with respect to their approval of the Fund's management agreement with CA or the Fund's distribution agreement with CFS.  Defendants further contend that the plaintiffs' claims are barred in whole or in part because plaintiffs lack standing to assert the claims, by the applicable statute of limitations; and by the doctrines of laches, waiver, estoppel, unclean hands, ratification, disclosure and/or consent, among other defenses as may become available or apparent during pretrial proceedings.

II.     **Fed. R. Civ. P. 26(a)(1) Disclosures**

Disclosures pursuant to FRCP 26(a)(1) will be made on or before April 27, 2016.  The

parties do not believe that changes in the timing, form or requirements for disclosures under

FRCP 26(a) are necessary.

III.    **Possibilities For Settlement**

Substantive discussions concerning settlement would not be productive at this time.

IV.     **Issues Concerning Preserving Discoverable Information**

Each of the parties have taken steps to preserve discoverable information and there are no

concerns regarding such preservation at this time.

V.      **Recommended Discovery Plan**

        A.      **Discovery Plan**

                1.      **Subjects on which Discovery May Be Needed**

Plaintiff anticipates seeking discovery concerning: Plaintiffs anticipate seeking and

securing discovery from Defendants, their affiliates, their relevant employees (such as the

individuals identified as the Fund's co-portfolio managers – see Complaint at ¶39), and the Fund

and its Board of Directors (the "Board"), concerning: (1) the process through which, and the

basis on which, Defendant's investment advisory fees were considered, determined and/or

approved by the Board; (2) the differences, if any, between the services Defendants provided to

the Fund and to other investment advisory clients; and (3) further evidence relevant to or

implicated by the Gartenberg factors and the Supreme Court's opinion in Jones v. Harris

Assocs., L.P., 559 U.S. 335 (2010). Plaintiff further anticipates seeking discovery from

nonparties, including: (1) certain of Defendants' institutional clients, concerning the services

received from, and fees paid to, Defendants; (2) certain third-party service providers to the Fund

and/or Board, concerning the services they provided to the Fund and/or Board and the extent to which such services differed from those for which Defendants charged the Fund; and (3) other mutual funds, and/or their investment advisers and/or board of directors or trustees, deemed comparable by Plaintiffs (see Complaint ¶¶ 74-75), Defendants, the Board and/or certain third-party services providers to the Board, concerning the services they received from, and the investment advisory fees they paid to, their investment advisers.

Defendants anticipate seeking discovery concerning the following subjects: the factual bases for Plaintiffs' allegations, Plaintiffs' investments in the Fund and other similar investments, any formal or informal financial advisers with whom Plaintiffs consulted concerning their investments in the Fund, and any other Section 36(b) lawsuits filed by or on behalf of Plaintiffs.

### 2.  Electronically Stored Information ("ESI")

Discovery in this case will involve production of ESI, including e-mail and other electronic communications, as well as documents stored in electronic format by Defendants.  The parties do not currently anticipate any problems with respect to the production of ESI.  The parties have agreed to work together to develop a protocol regarding the production of ESI, including the development of search terms and identification of custodians for collection of ESI, and the form or forms in which ESI will be produced.

### 3.  Privilege

The parties have agreed that entry of a Confidentiality Order is appropriate in this case. The parties also have agreed that the Confidentiality Order should incorporate terms governing the production of material subject to a later claim of privilege or other legal protection consistent

with FRCP 26(b)(5)(B).  The parties will negotiate and attempt to reach agreement on the terms of a Confidentiality Order for submission to the Court on or before June 3, 2016.

**4.     Changes to Discovery Limitations**

The parties reserve the right to seek the Court's permission to depart from the limitations imposed by the Federal Rules of Civil Procedure and the Local Rules, for good cause shown, but have no changes to such discovery limitations other than with respect to depositions, as set forth below.

**a)     Depositions**

The parties have agreed to increase the number of depositions of fact witnesses allowed to each side (i.e., Plaintiffs collectively or Defendants collectively) to 15.  In view of the foregoing enlargement of the number of permitted depositions, the parties further agree that any subsequent increase to the number of fact witness depositions shall require agreement of the parties and order of the Court upon good cause shown.

**5.     Any Other Orders that Should Be Entered under FRCP 26(C) and 16(B) and (C)**

None.

## VI.    Current Pretrial Schedule

The parties have agreed on the following proposed schedule:

A.    First requests for production of documents between parties shall be served on or before than May 6, 2016.

B.    Initial interrogatories, as described in Local Civil Rule 33.3(a), shall be served on or before than May 16, 2016.

C.    Joinder of any additional parties, if any, shall be accomplished on or before July 15, 2016.

D.    Amended pleadings, if any, shall be filed on or before August 15, 2016.

E.  All non-expert witness depositions shall be completed on or before November 30, 2016.

F.  Plaintiffs' initial expert reports shall be served on or before January 6, 2017.

G.  Defendants' expert reports shall be served on or before February 13, 2017.

H.  Plaintiffs' rebuttal expert reports shall be served on or before March 10, 2017.

I.  The deadline to serve any written discovery, including Requests to Admit and interrogatories as described by Local Civil Rule 33.3(b) and (c), shall be March 17, 2017.

J.  All expert witness depositions shall be completed on or before April 7, 2017.

K.  Summary judgment motions, if any, shall be filed on or before April 28, 2017.

L.  Oppositions to summary judgment motions, if any, shall be filed on or before May 26, 2017.

M.  Replies in support of summary judgment motions, if any, shall be filed on or before June 16, 2017.

New York, New York
Dated April 27, 2016

Submitted By:

**KIRBY MCINERNEY LLP**

By: _____/s/_____
Ira M. Press
Mark A. Strauss
825 Third Avenue, 16th Floor
New York, New York 10022
Tel.: (212) 371-6600
Fax: (212) 751-2540

*Attorneys for Plaintiffs*

**DECHERT, LLP**

By: _____/s/_____
Matthew L. Larrabee
David A. Kotler
Amanda Tuminelli
1095 Avenue of the Americas
New York, New York 10036
Tel.: (212) 698-3500
Fax: (212) 698-3599

*Attorneys for Defendants*

_____
Edgardo Ramos, U.S.D.J
Dated: 5/6/2016
New York, New York

The discovery plan and briefing schedule above is SO ORDERED.
The next status conference is scheduled for April 7, 2017, at 11:00 AM.

6