Ramos, E.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: 6/30/2016

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SAUL CHILL and SYLVIA CHILL, for the use and benefit of the CALAMOS GROWTH FUND, | : : : : : |
| Plaintiffs, | : No. 15-cv-01014 (ER) : : ECF CASE |
| v. | : : |
| CALAMOS ADVISORS LLC and CALAMOS FINANCIAL SERVICES LLC, | : : : |
| Defendants. | : : |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Each Party and each counsel of record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as defined in paragraph 3 below), and, as grounds therefore, state as follows:

1.      The Parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which will include, among other things, taking depositions and producing documents.  These proceedings will involve the production of certain discovery containing information that the producing party believes to be confidential and sensitive commercial, financial, business, and/or personal information.  The producing party asserts that the disclosure of such information outside the scope of this Litigation could result in significant injury to the producing party's business or privacy interests.  The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. This Agreed Protective Order shall bind and inure to the benefit of each party to this Litigation (a "Party") and any third-parties who indicate in writing, or by making a statement on the record in a deposition, that such third-party consents to be bound by or seeks the benefits of this Agreed Protective Order (a "Consenting Third Party").

3. Any person or entity (including a Party and a Consenting Third Party) required to produce documents or to disclose information in discovery in the above-captioned case (the "Producing Person") may designate as "Confidential" any discovery material that the Producing Person believes in good faith contains or reflects confidential technical, commercial, competitive, financial, personal or business information including, but not limited to, social security numbers, credit information, personnel records or other personal or financial information of the Producing Person or of third parties; client, customer or shareholder account information; proprietary commercial or business information including, but not limited to, client, customer or shareholder names and client, customer or shareholder lists, proprietary business procedures or policies, financial records and statements, trade secret information, other non-public research or development information, or similar business information; or any other information subject to a legally protected right to privacy.

4. A Producing Person may designate information as Confidential as follows:

a. With respect to any document (including computerized matter, writing, photographs, drawings, or other graphic matter) produced, counsel for the Producing Person shall designate such confidential documents by affixing to such documents, and each copy thereof, the legend "Confidential." With respect to multi-page hard copy documents which contain Confidential Information, the designation may be made by marking only the first page thereof "Confidential," so long as such multi-page documents are securely bound.

b. With respect to any electronic document produced in native file format, counsel for the Producing Person shall designate such confidential document by (1) naming such file with a number consistent with the numbering scheme used by that Producing Person for production of paper or image documents except that the numbering scheme for Confidential files shall be prepended with "CONF_"; (2) producing a slip sheet bearing the number corresponding to the name of the file, which sheet shall state "DOCUMENT PRODUCED IN NATIVE FILE FORMAT" and shall bear the legend "Confidential"; and (3) labeling any disk or other electronic medium on which such file is contained as "Confidential."

c. With respect to answers to written interrogatories or responses to requests for admission, counsel for the Party claiming confidentiality shall designate such answers or responses as "Confidential" by stating the appropriate confidentiality designation within the caption and on each page thereof deemed to contain "Confidential" information.

d. With respect to answers in deposition and deposition exhibits, counsel for the Party claiming confidentiality shall designate such answers or exhibits as "Confidential" orally at the deposition by stating the appropriate confidentiality designation on the record, or by doing so within 21 days after receipt of the transcript (during which time the entire transcript shall be treated as Confidential). The transcript of the answers of a deponent or witness or deposition exhibits designated "Confidential" shall be segregated from the remainder of the transcript of his or her testimony. If the designated material cannot be conveniently segregated, a Party may designate an entire transcript as "Confidential."

5. Confidential Information and the contents thereof may be disclosed only to the following individuals under the following conditions:

a. The individuals named as parties in this Litigation;

b. Organizational entities named as parties in this Litigation, including their respective directors, officers and employees that have responsibility for making decisions dealing directly with the prosecution, defense or resolution of this Litigation, along with directors, officers and employees of their subsidiaries and affiliates;

c. Outside counsel (herein defined as any attorney at the Parties' outside law firms) and in-house counsel for the Parties for purpose of the Litigation;

d. Outside experts or consultants retained by outside counsel for purposes of the Litigation, provided they have signed a Non-Disclosure Agreement in the form attached hereto as Exhibit A;

e. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

f. The Court, court personnel, and any certified court reporter transcribing any deposition, trial testimony, or other proceedings in above-captioned case;

g. Any deponent in this Litigation if the witness has signed a copy of the Non-Disclosure Agreement attached hereto as Exhibit A, or upon the consent of the Producing Person, by its counsel;

h. Any person (a) who authored or received the Confidential Information, or (b) who has access to the Confidential Information in the ordinary course of business; and

i. Vendors retained by or for the parties for purposes of this Litigation to assist in preparing for pretrial discovery, trial and/or hearings including,

but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

6. Confidential material shall be used only by individuals permitted access to it under Paragraph 5. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless outside counsel for the Party asserting confidentiality waives the claim of confidentiality, or the Court orders such disclosure.

7. All Confidential Information shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this Litigation and not for any other litigation or for any other business or other purpose whatsoever; and

   b. It shall not be communicated or disclosed by receiving party or its counsel in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

8. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

9. No copies of Confidential Information shall be made except by or on behalf of counsel in this Litigation or persons working for them or under their supervision, in their law

firms or at other companies, and such copies shall be made and used solely for purposes of this Litigation.

10. Nothing herein shall restrict the right of a Party or Consenting Third-Party producing and designating information as Confidential to itself disclose that information to whomever it wishes or otherwise use that information as it sees fit.

11. If a receiving party objects to the designation of certain information as Confidential Information, he or she shall inform the producing party's counsel in writing of the specific grounds of objection to the designation. The Parties, through their counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, the Parties are unable to resolve their dispute, the receiving party may move for a disclosure order consistent with this order. The information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

12. With respect to any depositions that involve disclosure of Confidential Information belonging to a Party to the Litigation, such Party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other Parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the Parties. Upon being informed that certain portions of a deposition are to be designated as Confidential, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraph 5 above.

13. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information that should have been designated as such, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in

whole or in part of a Party's claim of confidentiality, either as to the specific material disclosed or as to any other material concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure.  Such notice shall constitute a designation of the material as Confidential under this Confidentiality Order.

14. When the inadvertent or mistaken disclosure of any material protected by any privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such material shall not constitute a waiver by the producing party of any claims of privilege or work-product immunity.

15. Failure to designate any documents or information as "Confidential" in accordance with this Agreed Protective Order shall not preclude a Party or Consenting Third-Party from filing a motion to designate such documents or information as "Confidential."  The entry of this Agreed Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to a request for discovery, nor shall it relieve any Party or other person of any obligation to produce information in the course of discovery.

16. The Parties agree that the Defendants' production of Board materials and meeting minutes, including documents or information generated during the Calamos Advisors, LLC Board section 15(c) of the Investment Company Act of 1940 process ("15(c) Materials"), shall not be deemed a waiver of any privilege, work product protection, or other protection or immunity from discovery by the producing party in this or any subsequent state or federal

proceeding pursuant to Federal Rule of Evidence 502, regardless of the circumstances of disclosure. This non-waiver agreement applies to both: (i) board minutes or materials that are produced; and (ii) any documents, testimony, or other information regarding or relating to the same subject matter as board minutes or materials.

17. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

18. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

19. Upon termination of this Litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, or certify that the Confidential Information has been destroyed. Counsel will be permitted to keep their work product that refers to, is based upon, summarizes or otherwise is related to Confidential Information. At that time, counsel shall also certify to opposing counsel that any person who has received Confidential Information has returned or destroyed all Confidential Information.

20. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

21. Nothing herein constitutes or may be interpreted as a waiver by any Party of the attorney client privilege, the attorney work product doctrine, or any other privilege or immunity from discovery.

Dated at New York, New York, this **30** day of **June**, 2016.

BY THE COURT:

_____
Edgardo Ramos, U.S.D.J.

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| **KIRBY MCINERNEY LLP** | **DECHERT, LLP** |
| By: _____ | By: _____ |
| Ira M. Press | Matthew L. Larrabee |
| Mark A. Strauss | David A. Kotler |
| 825 Third Avenue, 16th Floor | Melanie MacKay |
| New York, New York 10022 | Catherine Wigglesworth |
| Tel.: (212) 371-6600 | Amanda Tuminelli |
| Fax: (212) 751-2540 | 1095 Avenue of the Americas |
| | New York, New York 10036 |
| *Attorneys for Plaintiffs* | Tel.: (212) 698-3500 |
| | Fax: (212) 698-3599 |
| | |
| | *Attorneys for Defendants* |

## EXHIBIT A

## Agreement to Be Bound by Protective Order

The Undersigned hereby acknowledges that he/she has reviewed the Agreed Protective Order (the "Order") dated _____, 2016, entered by the United States District Court for the Southern District of New York, in the action entitled *Chill v. Calamos Advisors LLC*, No. 15-cv-01014-ER (S.D.N.Y.); that he/she understands the terms thereof; and that he/she agrees to be bound and to abide by such terms. The undersigned hereby further acknowledges that the United States District Court for the Southern District of New York has subject matter jurisdiction over any matters concerning the Order, including, but not limited to, matters pertaining to the enforcement and violations of the Order. The undersigned submits to the personal jurisdiction of the United States District Court for the Southern District of New York with respect to any and all matters concerning the Order.

_____    _____
Signature                          Date


_____
Title