# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM

**Of counsel**
  Roger W. Kirby
  Alice McInerney

February 21, 2017

**Via ECF**

Honorable Barbara Moses, U.S.D.J.
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 920
New York, NY  10007

      Re:    *Chill v. Calamos Advisors et al.*, No. 15 Civ. 01014 (ER)

Dear Judge Moses:

      We represent plaintiffs, and respectfully submit this letter pursuant to sections I.B-C and II.B of your Individual Rules of Practice and Local Civil Rule 37.2 to request an informal conference in connection with a discovery dispute.  The dispute involves a discrete legal issue – specifically, whether the "fiduciary exception" to the attorney-client privilege applies with respect to legal advice sought by a mutual fund's independent trustees in a case brought by the fund's shareholders.  The parties have conferred and are unable to resolve their disagreement.[1]

      A.    **Background**

      This is an action by shareholders of the Calamos Growth Fund (the "Fund") alleging that the Fund's advisor and distributor received excessive compensation in violation of Section 36(b) of the Investment Company Act.  *See* ECF No. 1.  The Fund is organized as a Massachusetts Business Trust and overseen by a board of trustees.  Any recovery in this case will inure to the Fund's benefit.  Plaintiffs allege, *inter alia*, that the independent trustees, who are non-parties, failed conscientiously to consider or assess information that would have revealed the

---

[1] Plaintiffs raised the issue with counsel for the independent trustees by email dated January 31, 2017.  However, counsel for the Independent Trustees was unavailable to confer until February 14, 2017, on which date the undersigned conferred with attorneys Amy D. Roy and Robert A. Skinner of Ropes & Gray LLP in a call that lasted approximately 20 minutes.  Plaintiffs subsequently conferred with counsel for defendants, David A. Kotler, of Dechert LLP, on February 16, 2017, who informed Plaintiffs that defendants reserve their rights with respect to the dispute.

Kirby **McInerney LLP**
Honorable Barbara Moses
February 21, 2017
Page 2

excessiveness of the compensation. *See id*. The Court denied defendants' motion to dismiss the Complaint on March 21, 2016. *See* ECF No. 26.

In response to subpoenas issued by Plaintiffs, the independent trustees redacted or withheld approximately 73 documents on the basis of attorney-client privilege. *See* Exhibit A. The privilege log indicates that the withheld materials involve legal advice that was provided to the independent trustees in connection with their oversight of the Fund, including, specifically, their review and approval of the challenged fees. *See id*.

### B. The Court Should Order Production Because the "Fiduciary Exception" Applies

In *United States v. Jicarilla Apache Nation*, 564 U.S. 162 (2011), the Supreme Court made clear that the attorney-client privilege provides no basis to withhold information from the beneficiaries of a trust when a trustee or other fiduciary seeks or is provided legal advice to guide the administration of the trust. 564 U.S. at 170. In such a scenario, "the attorney-client privilege properly belonged to the beneficiaries rather than the trustees." 564 U.S. at 172. Only where the trustee shows that he or she obtained legal advice for his or her own personal protection or independent personal purpose will the attorney-client privilege survive. *Id*. This rule ensures that there is a "full disclosure necessary in the trustee-beneficiary relationship," which is "ultimately more important than the protection of the trustees' confidence in the attorney for the trust." *Id*. at 172-73 (quotations and citation omitted).

The leading case for the fiduciary exception in the mutual fund context is *Kenny v. Pac. Inv. Mgmt. Co. LLC*, No. 14 Civ. 1987, 2016 WL 6836886 (W.D. Wash. Nov. 21, 2016). There, Judge Martinez accepted the plaintiff's argument that fund trustees acted as representatives for the beneficiaries of the trust (that is, the shareholders). *See id*. at *2. The court noted that the trustees "clearly owed a fiduciary duty to Plaintiff and other shareholders" and that the communications at issue "include legal advice for managing the fund, not personal advice to the Trustees." *Id*. The court rejected the defendants' contention that the fiduciary exception was somehow incompatible with the legal framework for mutual funds, which requires the appointment of independent trustees. Rather, "it is from the Plan Administrator that they are independent, not the trust beneficiaries, *i.e.* shareholders." *Id*. at *4. Accordingly, "none of the Trustee's or PIMCO's arguments about the importance of the attorney-client privilege or the applicable statutory and regulatory structure satisfactorily explain why the independent trustees, acting as fiduciaries to the beneficiaries of the trust, should be able to resist disclosure to those beneficiaries of attorney communications paid for by the trust for the benefit of the trust." *Id*. at *4. Production of the withheld materials was therefore ordered. *See id*.[2]

---

[2] Notably, *Kenny* also involved excessive compensation claims under Section 36(b), and a mutual fund that was organized as a Massachusetts Business Trust.

**Kirby McInerney LLP**

Honorable Barbara Moses
February 21, 2017
Page 3

  The law in this Circuit is in accord. "In *In re Long Island Lighting Company*, [129 F.3d 268 (2d Cir. 1997)], the Second Circuit called the fiduciary exception to attorney-client privilege 'well settled,' and explained that when an attorney gives advice to a client who is acting as a fiduciary for third-party beneficiaries, that attorney owes the beneficiaries a duty of full disclosure." *Parker v. Stone*, No. 07 Civ. 00271, 2009 WL 1097914, *2 (D. Conn. Apr. 21, 2009) (*citing* 129 F.3d at 272-73). "Applying that rule to the ERISA context, the court held that an employer did not have to disclose communications with its attorneys on non-fiduciary matters to retirement plan beneficiaries." *Id*. However, "[t]he court found that had the requested documents pertained to fiduciary matters, they would have fallen under the common law fiduciary exception." *Id*.

  Courts apply the exception irrespective of context. *See Lugosch v. Congel*, 219 F.R.D. 220, 242-43 (N.D.N.Y. 2003) ("The fiduciary exception is not limited to the corporate realm nor shareholder derivative actions. The exception encompasses fiduciary relationships such as unions and members, lawyers and other lawyers, banks and clients, and general partners in both general and limited partnerships. The essential factor of this rule is the fiduciary relationship which inextricably defines the exception's parameter . . . .").[3]

  In *Strougo v. BEA Assocs.*, 199 F.R.D. 515, 524 (S.D.N.Y. 2001), Judge Sweet applied the fiduciary exception to require the production to plaintiff shareholders of otherwise privileged board minutes of a closed-end mutual fund "because the corporation is a fiduciary that is expected to act for the benefit of shareholders, and disclosure furthers that goal." *Id*. at 524 (*citing Garner v. Wolfinbarger*, 430 F.2d 1093, 1102-04 (5th Cir. 1970)).

  Accordingly, as in *Kenny* and *Strougo*, production of the subject communications should be ordered. There is no dispute that those communications relate to the trustee's supervision of the Fund, as indicated by the privilege log, and not personal advice. There is no claim of burden or irrelevance. Furthermore, Plaintiffs do not seek communications relating to the defense of, or discovery in, this lawsuit. Additionally, the relief sought would not require public disclosure of the relevant materials. A stipulated protective order is already in place.

  Deposition discovery in this matter is scheduled to end March 21, 2017. Plaintiffs therefore hope for a prompt resolution of this dispute.

---

[3] *See also Black v. Bowes*, No. 05 Civ. 108, 2006 WL 3771097, at *1 (S.D.N.Y. Dec. 21, 2006) (holding that ERISA fiduciary is "'disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration.' Some courts see this doctrine not as a true exception to the attorney-client privilege, but as an extension of the privilege to the beneficiary, who by virtue of the administrator's fiduciary duty is the true client of the attorney providing the advice. 'Put another way, the attorneys are considered to be working for the fund and its beneficiaries and not for the fiduciary/administrator.'") (citations omitted).

**Kirby McInerney LLP**
Honorable Barbara Moses
February 21, 2017
Page 4

                                        Respectfully submitted,

                                          /s/ Mark A. Strauss
                                          Mark A. Strauss

Attachments

cc.

Counsel of record via ECF
Amy D. Roy, Esq., by email (Amy.Roy@ropesgray.com)
Robert A. Skinner, Esq., by email (Robert.Skinner@ropesgray.com)