

1095 Avenue of the Americas
New York, NY 10036
+1 212 698 3500 Main
+1 212 698 3501 Fax
www.dechert.com

**DAVID A. KOTLER**

david.kotler@dechert.com
+1 609 955 3226 Direct
+1 609 873 9135 Fax

February 22, 2017

**VIA ECF**

The Honorable Barbara Moses
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 9A
New York, NY 10007

Re: *Chill v. Calamos Advisors et al.*, No. 15 Civ. 01014 (ER-BCM)

Dear Judge Moses:

We write on behalf of Defendants Calamos Advisors LLC and Calamos Financial Services, LLC ("Calamos") with respect to Plaintiffs' February 16, 2017 letter-motion requesting an informal conference with the Court (the "Letter-Motion"). Calamos respectfully urges the Court to deny Plaintiffs' Letter-Motion, without reaching the underlying privilege issue, because it is unnecessary, tardy and threatens to delay this proceeding further after Plaintiffs have already twice extended discovery.

The Letter-Motion should be denied because Plaintiffs are seeking Court intervention in an academic dispute concerning "a discrete legal issue" (Letter-Motion, ECF No. 45, at 1), rather than a genuine discovery dispute over material and non-cumulative information. The Letter-Motion is solely focused on Plaintiffs' legal claim that the independent trustees to a mutual fund cannot invoke the protections of the attorney-client privilege with respect to those trustees' otherwise privileged communications with their independent counsel. The Letter-Motion does not address, let alone explain, why Plaintiffs here actually need to open up this new line of discovery in order to make out their Section 36(b) claim.

Calamos respectfully submits that this discovery is simply unnecessary because Plaintiffs already have received voluminous information pertaining to every facet of the Independent Trustees' review and approval of the advisory and distribution fees paid by the Calamos Growth Fund to Defendants, i.e., the central issue in this lawsuit.



Defendants months ago produced six years' worth of the fulsome written materials that the Independent Trustees received in connection with their annual review and approval of those fees (as well as the written materials from all other board meetings during this same six year period) – a production totaling more than 41,000 pages of documents. The Independent Trustees also produced the non-privileged e-mail communications among themselves (i.e., documents outside of Calamos' custody and control). Importantly, <u>none</u> of the regular communications between Calamos and the Independent Trustees – including board presentations, minutes of board meetings, and e-mail correspondence between Calamos personnel and either the Independent Trustees or their independent counsel – were withheld by Calamos (or the Independent Trustees) on the basis of privilege.[1] Hence, there is no dispute that Plaintiffs already possess the entire contemporaneous documentary record that supports the Independent Trustees' review and approval of the advisory and distribution fees that Plaintiffs are challenging in this lawsuit.

This documentary record will comprise the relevant written evidence upon which Defendants will rely to show that the Independent Trustees were a fully-informed, independent and conscientious group of trustees that constantly interacted and negotiated with Calamos – whether by frequently requesting more information from Calamos on key issues, requiring Calamos to take action for the benefit of the Growth Fund's shareholders and at a financial cost to Calamos, or in one instance obtaining a fee waiver from Calamos for a 12 month period (at a cost to Calamos of nearly $2.5M). As such, this is the documentary evidence the Court will be asked to evaluate for purposes of according deference to the decisions of the Independent Trustees in approving the fees at issue under the prevailing legal framework. *See Jones v. Harris* 559 U.S. 335, 351 (2010); *Kasilag v. Hartford Inv. Fin. Serv., LLC*, Civ. Nos. 11-1083, 14-1611, 2016 WL 1394347, at *14 (D.N.J. Apr. 7, 2016) (granting partial summary judgment in a Section 36(b) claim to the adviser by "determin[ing] that the Board's decision is entitled to 'substantial weight'"); *McClure v. Russell Inv. Mgmt. Co.*, No. 1:13-cv-12631 (D. Mass. Nov. 15, 2016), ECF No. 167, Hearing Tr. at 13 (granting partial summary judgment and ruling that Board's decision is entitled to deference).

---

[1] Calamos did assert privilege with respect to a small number of communications with the Independent Trustees concerning the filing and defense of the present lawsuit or unrelated litigation/investigatory matters involving Calamos.



What Plaintiffs seek to discover via their Letter-Motion – a very small number of privileged communications between the Independent Trustees and their independent counsel, generated in connection with the Independent Trustees carrying out their duties to the Growth Fund's shareholders – does nothing to change the foregoing legal standard or ineluctable factual record. At best, the information contained in such legal communications is superfluous. At worst, however, Plaintiffs' request, if granted, would, eviscerate the benefits inuring to the Growth Fund's shareholders from having their "independent watchdogs" advised by independent counsel. *See Jones*, 559 U.S. at 348; *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (recognizing that the attorney-client privilege "encourage[s] full and frank communication between attorneys and their clients and thereby promote[s] broader public interests").

Finally, the Letter-Motion does not explain why Plaintiffs need to open a new line of discovery now, on the eve of the Court-ordered fact discovery deadline – a deadline that Plaintiffs have already twice extended. Defendants have prepared and organized their defense efforts in reliance on the upcoming close of fact discovery. Both the Independent Trustees' assertion of privilege and the *Kenny* decision upon which Plaintiffs premise their Letter-Motion have been fully known to Plaintiffs since the end of November, yet Plaintiffs offer no reason for their prolonged delay in pursuing this issue. Plaintiffs should not be permitted to sleep on their rights and then burden the Court and Defendants with a request for immediate resolution or yet a third extension of the fact discovery deadline.

Respectfully submitted,

 /s/ David A. Kotler

David A. Kotler


cc: Counsel of record (via ECF)