# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM
Of counsel
  Roger W. Kirby
  Alice McInerney

February 24, 2017

**VIA ECF**
Honorable Barbara Moses
United States Magistrate Judge
United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007-1312

      Re:    *Chill v. Calamos Advisors et al.*,
               No. 15 Civ. 01014 (ER)

Dear Judge Moses:

      We represent Plaintiffs, and write in further support of Plaintiffs' request for a conference pursuant to Local Civil Rule 37.2 concerning the purportedly privileged communications of the Independent Trustees.  *See* ECF No. 45.

      The parties opposing the discovery in question[1] do not dispute that *Kenny v. Pac. Inv. Mgmt. Co. LLC*, No. 14 Civ. 1987, 2016 WL 6836886 (W.D. Wash. Nov. 21, 2016), is in all material respects on point and indistinguishable.  They concede that the discovery is relevant and responsive and that the production sought presents no burden.  Instead, they raise a series of meritless arguments.

      The Independent Trustees first maintain that the Court lacks jurisdiction and that, under Fed. R. Civ. P. 45, Plaintiffs should seek to enforce their subpoena in a federal district court in Illinois.  It is clear, however, that any such court simply would transfer the matter right back to this Court under Rule 45(f).  Indeed, having resolved the motion to dismiss, *see* ECF No. 26, this Court is already familiar with the facts and circumstances of the underlying the dispute.  *See, e.g., Cadence Pharm., Inc. v. Multisorb Techs., Inc.*, No. 16 Civ. 22, 2016 WL 4267567, at *6-7 (W.D.N.Y. Aug. 15, 2016) (transferring Rule 45 subpoena to issuing court after considering, *inter alia*, that court's familiarity with substantive issues and existing discovery deadlines); *Duck v. United States Sec. & Exch. Comm'n*, 317 F.R.D. 321, 325-26 (D.D.C. 2016) (transferring Rule 45 subpoena to issuing court "due to the nature of the issues pending before the issuing court, the potential for inconsistent results concerning the discoverability of the documents in the possession of the [subpoena recipient], and the risk of disrupting management of the underlying

---

[1] Defendants inexplicably oppose despite lacking standing to do so as neither the documents sought nor the purported privilege claimed belongs to them.  *See Samad Bros., Inc. v. Bokara Rug Co. Inc.*, No. 09 Civ. 5843 (JFK) (KNF), 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 2008) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.").

case.").

Next, the Independent Trustees suggest that the fiduciary exception to the attorney-client privilege is unsettled or unrecognized law. This is untrue. Courts routinely recognize – and apply – the exception in this Circuit[2] and elsewhere.[3]

The Independent Trustees also maintain that *Kenny* is unpersuasive because it supposedly fails to take into account the supposedly "unique" statutory role of independent trustees under the Investment Company Act. In support, however, they cite a single supposed authority – a critique of the decision written by a non-lawyer in an online trade publication.

Furthermore, the statutory role argument is the precise one advanced by the trustees in *Kenny*, and rejected by Judge Martinez in that well-reasoned opinion. *See Kenny*, 2016 WL 6836886, at *4 ("none of the Trustee's or PIMCO's arguments about the importance of the attorney-client privilege or the applicable statutory and regulatory structure satisfactorily explain why the independent trustees, acting as fiduciaries to the beneficiaries of the trust, should be able to resist disclosure to those beneficiaries of attorney communications paid for by the trust for the benefit of the trust."). The Independent Directors are unable to point to anything in *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923 (2d Cir. 1982), or *Jones v. Harris Assocs. L.P.*, 559 U.S. 335 (2010), suggesting otherwise. Indeed, courts routinely apply the exception in the ERISA context, where fiduciaries have similar statutory roles.[4]

The Independent Trustees suggest that the Plaintiffs have not demonstrated "good cause".[5] Good cause is established, however, in that the discovery is admittedly relevant and

---

[2] *See, e.g., McFarlane v. First Unum Life Ins. Co.*, No. 16 Civ. 7806 (RA) (KHP), 2017 WL 480500, at *5 (S.D.N.Y. Feb. 6, 2017) (applying fiduciary exception to attorney client privilege in ERISA case and ordering in camera review of contested documents); *Asuncion v. Metro. Life Ins. Co.*, 493 F. Supp. 2d 716, 721-22 (S.D.N.Y. 2007) (applying fiduciary exception to attorney client privilege in ERISA case and ordering the production of documents); *Black v. Bowes*, No. 05 Civ. 108 (GEL), 2006 WL 3771097, at *8 (S.D.N.Y. Dec. 21, 2006) (same); *Lugosch v. Congel*, 219 F.R.D. 220, 242-43 (N.D.N.Y. 2003) (applying fiduciary exception in action concerning real estate partnership trusts and ordering production of documents relating to loan application); *RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94 Civ. 5587 (PKL) (RLE), 2003 WL 41996, at *6 (S.D.N.Y. Jan. 6, 2003) (applying fiduciary exception to attorney client privilege in securities fraud class action and ordering the production of documents relevant to litigation).

[3] *See, e.g., Krase v. Life Ins. Co. of N. Am.*, 962 F. Supp. 2d 1033, 1038 (N.D. Ill. 2013) (applying fiduciary exception to attorney client privilege in ERISA case and granting motion to compel); *Comrie v. Ipsco, Inc.*, No. 08 Civ. 3060, 2009 WL 4403364, at *3 (N.D. Ill. Nov. 30, 2009) (applying fiduciary exception to attorney client privilege in ERISA case as purportedly privileged communications related to the administration of the plan); *In re Gen. Instrument Corp. Sec. Litig.*, 190 F.R.D. 527, 530 (N.D. Ill. 2000) (applying fiduciary exception); *Smith v. Jefferson Pilot Fin. Ins. Co.*, 245 F.R.D. 45, 47 (D. Mass. 2007) (same); *Hill v. State St. Corp.*, No. 09 Civ. 12146 (GAO), 2013 WL 6909524, at *2 (D. Mass. Dec. 30, 2013) (same); *Burns ex rel. Office of Pub. Guardian v. Hale & Dorr LLP*, 242 F.R.D. 170, 173 (D. Mass. 2007) (applying exception as defendants owed fiduciary duty to trust beneficiary).

[4] *See McFarlane*, 2017 WL 480500, at *5; *Asuncion*, 493 F. Supp. 2d at 721-22; *Black*, 2006 WL 3771097, at *8; *Krase*, 962 F. Supp. 2d at 1038; *Comrie*, 2009 WL 4403364, at *3.

[5] The Independent Trustees concede that Second Circuit has not expressly adopted the Fifth Circuit's "good cause" analysis. ECF No. 46 at 4.

responsive and that there is no burden associated with production. *See Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 342 B.R. 416, 425 (S.D.N.Y. 2006) (citing *In re Pfizer Inc. Sec. Litig.*, No. 90 Civ. 1260, 1993 WL 561125, at *13 (S.D.N.Y. Dec. 23, 1993)). Without knowing the contents of the documents, Plaintiffs obviously cannot determine how probative they might be. At minimum, Defendants do not suggest that any burden outweighs the usefulness of the documents.

The "adversity" argument asserted by the Independent Trustee is unavailing. The documents sought pertain to matters as to which the trustees were not adverse but purporting to represent the interests of Plaintiffs, *i.e.*, in connection with the management of the trust. Moreover, there has been no suggestion that Plaintiffs are looking to assert claims against the Independent Trustees. If Defendants' position were correct, the fiduciary exception would never apply.

The opposing parties suggest that relief should be denied on timing grounds.[6] The conclusion of fact discovery in this case, however, is not until July 10, 2017. *See* ECF No. 39 at § E.[7] Furthermore, Plaintiffs do not seek "expedited" relief, but simply would like to avoid unnecessary delay.

                                                  Respectfully submitted,

                                                  /s/ Mark A. Strauss
                                                  Mark A. Strauss
                                                  KIRBY MCINERNEY LLP
                                                  825 Third Avenue, Floor 16
                                                  New York, NY 10022
                                                  mstrauss@kmllp.com

cc:    All Counsel of Record (by Electronic Filing)
       Robert A. Skinner (via email)
       Amy D. Roy (via email)

---

[6] As noted in Plaintiffs' opening letter, the Independent Trustees' unavailability to meet and confer on this discovery dispute delayed Plaintiffs from brining this issue to the Court's attention by several weeks. ECF No. 45 at 1 n.1.

[7] The opposing parties cite the March 21, 2017 deadline for fact depositions. That deadline, however, does not preclude subsequent document discovery, much less the enforcement of subpoenas that have already been served.