# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

SAUL CHILL and SYLVIA CHILL, for the
use and benefit of the CALAMOS GROWTH
FUND,

               Plaintiffs,

        vs.

CALAMOS ADVISORS LLC,

             Defendant.

Civil Action No.: 15 Civ. 1014

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PARTIALLY EXCLUDE THE PROPOSED EXPERT OPINIONS OF ARTHUR B. LABY

**KIRBY McINERNEY LLP**
Ira M. Press
Mark S. Strauss
Andrew M. McNeela
825 Third Avenue, 16th Floor
New York, NY 10022
Tel: (212) 371-6600
Fax: (212) 751-2540
Email: ipress@kmllp.com
       mstrauss@kmllp.com
       amcneela@kmllp.com

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

PRELIMINMARY STATEMENT ......................................................................... 1

FACTS RELEVANT TO PROFESSOR LABY'S OPINIONS .................................. 2

ARGUMENT ................................................................................................. 4

I.     Applicable Legal Standard................................................................ 4

II.    The Court Should Preclude Professor Laby's Opinions Regarding █████████
█████████████████████████████
████████████████████ ..................................................... 5

    A.    Professor Laby's Opinions Regarding ████████████
Constitute Impermissible Legal Conclusions ........................... 5

    B.    Professor Laby's Opinions Regarding ████████████
Are Unhelpful ..................................................................... 8

III.    The Court Should Preclude Professor Laby From Offering Any Opinions Based
on ██ ███████████████████████ ........................... 11

CONCLUSION ............................................................................................. 13

# TABLE OF AUTHORITIES

**Cases:**

*Aguilar v. Int'l Longshoremen's Union Local # 10*,
  966 F.2d 443 (9th Cir. 1992) ........................................................................... 8

*Airline Reporting Corp. v. Belfon*,
  No. 03 Civ. 146, 2010 WL 3664065 (D.V.I. Sept. 16, 2010) ........................... 8

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
  303 F.3d 256 (2d Cir. 2002) ............................................................................ 5

*Andrews v. MetroNorth Commuter R. Co.*,
  882 F.2d 705 (2d Cir. 1989) ............................................................................ 8

*Arista Records LLC v. Usenet.com, Inc.*,
  608 F. Supp. 2d 409 (S.D.N.Y. 2009) .............................................................. 5

*Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd.*,
  769 F. Supp. 2d 269 (S.D.N.Y. 2011) .............................................................. 5

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993) ...................................................................................... 4, 5

*Hudson v. Preckwinkle*,
  No. 13 Civ. 8752, 2015 WL 1541787 (N.D. Ill. Mar. 31, 2015) ................... 13

*Hygh v. Jacobs*,
  961 F.2d 359 (2d Cir. 1992) ......................................................................... 6, 8

*In re Initial Public Offering Litig.*,
  174 F. Supp. 2d 61 (S.D.N.Y. 2001) ................................................................ 6

*Kidder, Peabody & Co., Inc. v. IAG Int'l Acceptance Grp. N.V.*,
  14 F. Supp. 2d 391 (S.D.N.Y. 1998) ................................................................ 8

*Macaluso v. Herman Miller, Inc.*,
  No. 01 Civ. 11496, 2005 WL 563169 (S.D.N.Y. Mar. 10, 2005) .................. 13

*In re Mirena IUD Prods. Liability Litig.*,
  169 F. Supp. 3d 396 (S.D.N.Y. 2016) .............................................................. 4

*SLSJ, LLC v. Kleban*,
  -- F. Supp. 3d --, 2017 WL 4329732 (D. Conn. Sept. 29, 2017) ................... 12

*Strong v. E.I. Strong*,
  667 F.2d 682 (8th Cir. 1981) ............................................................................ 8

*Travelers Indem. Co. v. Northrop Grumman Corp.*,
   3 F. Supp. 3d 79 (S.D.N.Y. 2014), *aff'd*, 677 Fed. Appx. 701,
   2017 WL 391926 (2d Cir. 2017) ..................................................................... 13

*United States v, Bilzerian*,
   926 F.2d 1285 (2d Cir. 1991) ........................................................................... 5

*United States v. Caputo*,
   517 F.3d 935 (7th Cir. 2008) ........................................................................... 5

*United States v. Leo*,
   941 F.2d 181 (3d Cir. 1991) ............................................................................ 5

*United States v. Williams*,
   506 F.3d 151 (2d Cir. 2007) ............................................................................ 4

*Zhao v. Kaleida Health*,
   No. 04 Civ. 467, 2008 WL 346205 (W.D.N.Y. Feb. 7, 2008) ......................... 13

**Rules:**

Fed. R. Evid. 702 ................................................................................................... 4

Fed. R. Evid. 703 ................................................................................................... 2

**Other Authorities:**

Tamar Frankel and Arthur B. Laby, *The Regulation of Money Managers, Mutual Funds and
   Advisors*, § 12.03[D] at 12-103 (3d ed.)) ..................................................... 3, 7

This action concerns claims for excessive investment advisory fees pursuant to Section 36(b) of the Investment Company Act of 1940 ("ICA").  Plaintiffs respectfully submit this memorandum of law in support of their motion to partially exclude the proposed expert opinions of Defendant's expert witness Arthur B. Laby ("Professor Laby") pursuant to Rules 402, 403, 702, 703 and 704 of the Federal Rules of Evidence.  For the reasons set forth below, this Court respectfully should grant Plaintiffs' motion.

## PRELIMINMARY STATEMENT

Defendant Calamos Advisors LLC ("CAL") offers Professor Laby's proposed testimony in support of its contention that the Board's process for reviewing and approving the advisory fees CAL charged the Fund (the "15(c) process") was ███████████████  ████████████ ███████████████████████████████████████████████████████ ███████████████████████  Putting aside that the purported hallmarks of the Board's "robust" process are the *bare minimum* one would expect from a mutual fund board – ████████████ ████████████████████████ – Professor Laby's proposed testimony includes impermissible legal opinions that must be excluded.  Specifically, Professor Laby opines that ████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████ *only the Court* is permitted to state what the governing law is, what its requirements are, and how it applies.

But even if Professor Laby was permitted to offer legal opinions, his proposed testimony ████████████ should still be excluded because it is entirely unhelpful.  ████████████████ ████████████████████████████████████████████████████████████████

1

█████████████████████████████████████████████████████████████

██████████████████████████

Finally, and separate from ███████████, Professor Laby relies heavily on ███████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████  ████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████

However, given that the prejudice here is extreme the Court should preclude Professor

Laby from offering any opinion based on ███████████ under Rule 403.  Most notably, Plaintiffs

will be unable to effectively cross examine ████████████████████████████ at trial

regarding the substance of ███████████ because Defendant did not maintain a complete

contemporaneous record of what was said. ██████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████ As such, Defendant should not be permitted to offer expert opinions

based on ██████████████, especially when it intentionally deprived Plaintiffs of any means of

effectively cross-examining ████████████████████████.

**FACTS RELEVANT TO PROFESSOR LABY'S OPINIONS**

Professor Laby is a faculty member at Rutgers Law School and teaches securities and

business law courses. ████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████

As an academic, Professor Laby has coauthored a treatise concerning mutual fund governance. ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ That treatise states that ████████ *does not apply* to a trustee's decision to approve investment advisory fees:

> Legislative history makes it clear that, even if the directors and adviser have in fact reached an informed and independent decision, the court must address itself to the measure of the fees on its merits.  *Here, judicial supervision continues, when, under the business judgment rule, it would cease*.  In other words, an independent and informed approval by the shareholders and directors is only one factor that courts should take into account in passing on the legality of the fees.

McNeela Decl. Ex. C (annexing excerpts of Tamar Frankel and Arthur B. Laby, *The Regulation of Money Managers, Mutual Funds and Advisors*, § 12.03[D] at 12-103 (3d ed.)) (emphasis added).

In rendering his opinions in this matter, Professor Laby relied ████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████   ████████████   ███████████████████████

3

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████

**ARGUMENT**

## I.     Applicable Legal Standard

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony at

trial.  That rule provides that:

> A witness who is qualified as an expert by knowledge, skill,
> experience, training, or education may testify in the form of an
> opinion or otherwise if: (a) the expert's scientific, technical, or other
> specialized knowledge will help the trier of fact to understand the
> evidence or to determine a fact in issue; (b) the testimony is based
> on sufficient facts or data; (c) the testimony is the product of reliable
> principles and methods; and (d) the expert has reliably applied the
> principles and methods to the facts of the case.

Fed. R. Evid. 702. The party offering an expert opinion "has the burden of establishing its

admissibility by a preponderance of the evidence."  *See In re Mirena IUD Prods. Liability Litig.*,

169 F. Supp. 3d 396, 411 (S.D.N.Y. 2016). However, in *Daubert v. Merrell Dow Pharm., Inc.*,

509 U.S. 579 (1993), the Supreme Court made clear that the district court is the "ultimate

gatekeeper" under Rule 702, *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007), and is

therefore required to "ensur[e] that an expert's testimony both rests on a reliable foundation and is

relevant to the task at hand," *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d

Cir. 2002) (quoting *Daubert*, 509 U.S. at 597).

The first step in determining whether an expert's opinion is reliable under *Daubert* is

"determining 'whether the expert is qualified to testify.'" *Cedar Petrochemicals, Inc. v. Dongbu*

*Hannong Chem. Co., Ltd.*, 769 F. Supp. 2d 269, 282 (S.D.N.Y. 2011) (quoting *Arista Records LLC*

*v. Usenet.com, Inc.*, 608 F. Supp. 2d 409, 422 (S.D.N.Y. 2009). Assuming the proffered expert is

sufficiently qualified, the court must next consider "the [remaining] indicia of reliability identified in Rule 702, namely, (1) that the testimony is grounded on sufficient facts or data; (2) that the testimony is the product of reliable principles and methods; and (3) that the witness has applied the principles and methods reliably to the facts of the case." *Amorgianos*, 303 F.3d at 265 (internal citations omitted).

## II.   The Court Should Preclude Professor Laby's Opinions Regarding █████████ ███████████████████████████████████████████████████ ███████████████████████

### A.   Professor Laby's Opinions Regarding ████████████████████ Constitute Impermissible Legal Conclusions

"As a general rule an expert's testimony on issues of law is inadmissible." *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991); *see also United States v. Caputo*, 517 F.3d 935, 942 (7th Cir. 2008) ("The only legal expert in a federal courtroom is the judge."); *United States v. Leo*, 941 F.2d 181, 196-97 (3d Cir. 1991) (stating that a court must be careful to "limit expert testimony so as to not allow the expert to offer opinion on what the law required or testify as to the governing law.") (internal quotation marks omitted).

As one court in this district has explained:

> The rule prohibiting experts from providing their legal opinions or conclusions is so well established that it is often deemed a basic premise or assumption of evidence law—a kind of axiomatic principle. In fact, every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law.

*In re Initial Public Offering Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) (internal citations and quotation marks omitted). Thus, courts in this Circuit will exclude opinions that "communicate[e] a legal standard – explicit or implicit –to the jury" or that are "phrased in terms of inadequately explored legal criteria." *Hygh v. Jacobs*, 961 F.2d 359, 363-64 (2d Cir. 1992).

Here, Professor Laby opines, *inter alia*, that: ███████████████████

████████████████████████ ███████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

As an initial matter, Professor Laby is simply wrong that ███████████████

████████████████████████████████████████████████

_____

█ █████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████

     ████████████████████████████████████████████████
     ███████████████████████████████████

          ███████████████████████████████████████████
          ███████████████████████████████████████████

█████████████████████

█ █████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

In fact, Professor Laby coauthored a treatise which makes clear ███████████ flatly inconsistent

with a district court's function in weighing a claim for excessive fees under the ICA:

> Legislative history makes it clear that, even if the directors and adviser have in fact
> reached an informed and independent decision, the court must address itself to the
> measure of the fees on its merits.  *Here, judicial supervision continues, when, under*
> *the business judgment rule, it would cease.*  In other words, an independent and
> informed approval by the shareholders and directors is only one factor that courts
> should take into account in passing on the legality of the fees.

*See* McNeela Decl. Ex. C (annexing Tamar Frankel and Arthur B. Laby, *The Regulation of Money*

*Managers, Mutual Funds and Advisors*, § 12.03[D] at 12-103 (3d ed.) (emphasis added)).

However, even if Professor Laby's statement of ████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████ are paradigmatic examples of

impermissible legal conclusions.[4]  *See Hygh*, 961 F.2d at 364 (expert may not expound on "legal

standards"); *Kidder, Peabody & Co., Inc. v. IAG Int'l Acceptance Grp. N.V.*, 14 F. Supp. 2d 391,

404 (S.D.N.Y. 1998) ("To the extent that Professor Miller would seek to opine . . . that [plaintiff]

---

███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████

███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████

acted reasonably and in good faith – as he argues at length in his written report – the overwhelming weight of Second Circuit authority precludes expert testimony about these issues.").[5]  Indeed, as one case directly on point noted:

> The business judgment rule is a purely legal doctrine . . . .  As the rule is a legal creation, any attempt by [defendants' expert] to define and apply the business judgment rule to the present case constitutes an attempted usurping of the roles of both the Court and the jury in this case.  [Defendants' expert's] description of the boundaries of the business judgment rule falls squarely within the province of the Court and  . . . . is inadmissible . . . .

*Airline Reporting Corp. v. Belfon*, No. 03 Civ. 146, 2010 WL 3664065, at *28 (D.V.I. Sept. 16, 2010).

Accordingly, this Court should respectfully bar Professor Laby from offering any testimony regarding ████████████████████████████████████

████████████████████████████████

**B.      Professor Laby's Opinions Regarding** ███████████████████████ **Are Unhelpful**

Even if Professor Laby were permitted to opine ████████████ his testimony should nonetheless be precluded for the independent reason that it would be entirely unhelpful.  This is because Professor Laby testified at deposition that ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[5] *See also Andrews v. MetroNorth Commuter R. Co.*, 882 F.2d 705, 709 (2d Cir. 1989) (expert could not opine as to whether certain actions were negligent); *Strong v. E.I. Strong*, 667 F.2d 682, 686 (8th Cir. 1981) (expert could not opine on whether lack of product warnings was reasonable); *Aguilar v. Int'l Longshoremen's Union Local # 10*, 966 F.2d 443, 447 (9th Cir. 1992) ("Here, the reasonableness and foreseeability of the casual worker's reliance were matter of law" and "were inappropriate subjects for expert testimony").

████████████████████████████████████████████████████████████████

█████████████████████

*First*, as the following exchange makes clear, Professor Laby does not know, in the context

of an action under the ICA, whether the ████████████████████████████████████████

███████████████████████

- ██   ████████████████████████████

- ██   ████████████████████████████████
     ████████████████████████████████
     ████████████████████████████████
     ███████████████████████████

- ██   ████████████████████████████████
     ███████████████████

- ██   ████████

- ██   ██████████████

- ██   ████████████████████████████████
     ████████████████████████████████
     ████████████████████████████████
     ████

- ██   ████████████████████████████████
     ██████████████████████████

- ██   ██████████████

- ██   ████████████████████████████████
     ██████████████████████

- ██   ████████████████████████████████
     ████████████████████████████████
     ████████████████████████

- ██   ████████████████████████████████
     ████████████████████████████████
     ██████████████████████



Second, Professor Laby admitted that there

However, when pressed as to state

Accordingly, because Professor Laby's opinions concerning

they must be precluded in their entirety.

10

## II.    The Court Should Preclude Professor Laby From Offering Any Opinions Based on ███ ████████████

In addition to relying on materials produced during fact discovery, Professor Laby also based his opinions on ██████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████    As discussed below, this Court should preclude Professor Laby from testifying as to the substance of ████████████████████████████████████████████████

███████ because any information conveyed ██████████████ is both unreliable and prejudicial.

Professor Laby testified that he ████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████   ██████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

Against this backdrop, Professor Laby's ██████████████████████ is simply

unreliable and his opinions based thereon are prejudicial. ██████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████

        ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████ *See* Fed. R. Evid. 703 ("[I]f the facts or data would

otherwise be inadmissible, the proponent of the opinion may disclose them to the jury *only* if their

probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial

effect.") (emphasis added); *see generally SLSJ, LLC v. Kleban*, -- F. Supp. 3d --, 2017 WL

4329732, at *17 (D. Conn. Sept. 29, 2017) ("[Expert] will not be able to testify definitively as to

'facts' not currently in the record" otherwise the expert "appears to give credence to [the party's]

version of the facts, constituting a narrative that supports [the party's] theory of the case").

        Making matters worse, Professor Laby essentially admitted that ██████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████ Thus, Professor Laby relied on ██████████████

█████████████████████████ to manufacture a predicate for his opinions that directly

contradicted █████████████████████████ and must be precluded for this reason as well.

*See, e.g.*, *Macaluso v. Herman Miller, Inc.*, No. 01 Civ. 11496, 2005 WL 563169, at *6, 8

(S.D.N.Y. Mar. 10, 2005) (excluding expert's opinion because it was "contradicted by [party's]

own deposition testimony" and was "based on incorrect factual assumptions that rendered [it] . . . purely speculative"); *Travelers Indem. Co. v. Northrop Grumman Corp*., 3 F. Supp. 3d 79, 107-108 (S.D.N.Y. 2014), *aff'd*, 677 Fed. Appx. 701, 2017 WL 391926 (2d Cir. 2017) (precluding defendant's expert's opinion because it was contrary to the known facts in the testimony by the defendant's former employee); *Zhao v. Kaleida Health*, No. 04 Civ. 467, 2008 WL 346205, at *8 (W.D.N.Y. Feb. 7, 2008) (precluding expert's opinion where the "assumptions contained in his report [we]re directly contradicted by the [plaintiff's] emails").

In sum, Professor Laby should be precluded from testifying about ███████████████ ████████████████████████████████████or offering any opinions based on such information.  However, if the Court declines to preclude such testimony, it should, at a minimum, assign Professor Laby's opinions little weight. *See, e.g.*, *Hudson v. Preckwinkle*, No. 13 Civ. 8752, 2015 WL 1541787, at *11 (N.D. Ill. Mar. 31, 2015) ("The Court assigns little weight to [the expert's testimony] due to its significant flaws . . . .  First, [the expert's] heavy reliance on . . . statements that are not subjected to cross examination or even verified by oaths reflects his desire to rely on evidence that has not been subjected to scrutiny or validated . . . .").

## CONCLUSION

For the foregoing reasons, this Court respectfully should preclude Professor Laby from: (i) testifying about ██████████████████████████████████████████████ ██████████████████████████████████████ and (ii) offering any opinions based on ████████████████████████████████████████████████ ██████████████

Dated:          February 9, 2018
                New York, New York

13

Respectfully submitted,

**KIRBY McINERNEY LLP**

By:      /s/ Andrew M. McNeela
           Andrew McNeela (amcneela@kmllp.com)
           Ira M. Press (ipress@kmllp.com)
           Mark M. Strauss (mstrauss@kmllp.com)
           825 Third Avenue, 16th Floor
           New York, New York 10022
           Tel.: (212) 371-6600
           Fax: (212) 751-2540

           *Counsel for Plaintiffs*

14