UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAUL CHILL and SYLVIA CHILL, for the use and benefit of the CALAMOS GROWTH FUND,<br><br>                 Plaintiffs,<br><br>    v.<br><br>CALAMOS ADVISORS, LLC,<br><br>                 Defendants. | No. 15-cv-01014 (ER) |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO EXCLUDE IN PART THE PROPOSED TESTIMONY AND OPINIONS OF DEFENDANT'S EXPERT GLENN HUBBARD**

**KIRBY McINERNEY LLP**
Ira M. Press
Mark A. Strauss
Andrew McNeela
825 Third Avenue, 16th Floor
New York, NY  10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540
Email:  ipress@kmllp.com
         mstrauss@kmllp.com
         amcneela@kmllp.com

*Attorneys for Plaintiffs*

Dated:  April 2, 2018

Defendant fails to explain how Dean Hubbard's "expense ratio" and "competitiveness" opinions will be helpful to the trier of fact. The job of the trier of fact in this case is to determine whether the Fund's advisory fees are so disproportionately large that they bear no reasonable relationship to the services rendered and could not have been the product of arm's-length bargaining. *Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 346 and 351 (2010). As defendant all but concedes, the subject opinions are not designed to help answer that question. Rather, the opinions pertain to a distinct question – namely, **whether the advisory fees are so large that they pushed up the Fund's total expense ratio to a level that made the Fund uncompetitive**.

Such inquiry, however, is not relevant in a Section 36(b) case. The competitiveness of a fund's total expense ratio is not the test of, or even logically related to, whether an advisory fee is excessive. It has nothing to do with whether an advisory fee exceeds the arm's length range. It does not shed light on any of the *Gartenberg* factors. To be sure, the proffered testimony would be apposite if the goal of Section 36(b) was to ensure that advisory fees were as high as possible so long as the total expense ratio was still competitive. That, however, is not the purpose of Section 36(b). Further, an advisory fee can be excessive without pushing the total expense ratio into uncompetitive territory. In this case, for example, plaintiffs allege that the advisory fees are excessive while the Fund pays amounts for other services that are low compared to comparable mutual funds. *See* Plaintiffs' Statement of Additional Facts [ECF No. 78], ¶360. There is no allegation that the resulting expense ratio is uncompetitive.

Defendant cites decisions admitting similar expert testimony while simply according it little or no weight. Those decisions, however, are not controlling or persuasive on the issue of admissibility. Rather, this Court is bound by the Second Circuit's decision in *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923 (2d Cir. 1982). There, the Court rejected an

approach like defendant's as erroneously conflating competition among mutual funds for shareholders with that among advisors for retention by mutual fund boards. *Id*. at 929. As the court recognized, "[c]ompetition between money market funds for shareholder business does not support an inference that competition must therefore also exist between adviser-managers for fund business. The former may be vigorous even though the latter is virtually non-existent. Each is governed by different forces." *Id*. Given this controlling distinction, there can be no question that the subject testimony is inapposite and unhelpful and does not satisfy Rule 702. *See Schuyt v. Rowe Price Prime Reserve Fund, Inc.*, 663 F. Supp. 962, 974 and n.39 (S.D.N.Y. 1987), *aff'd*, 835 F.2d 45 (2d Cir. 1987) (giving "little weight" to similar testimony because it was "directly contradicted by the views of the Second Circuit in *Gartenberg*" and "did not deal . . . with the factors suggested by [*Gartenberg*] but rather . . . did an economic as opposed to a legal analysis."); *In re Am. Mut. Funds Fee Litig.*, No. 04 Civ. 5593, 2009 U.S. Dist. LEXIS 98871, at *49 (C.D. Cal., Sept. 16, 2009) (rejecting Hubbard testimony as of "minimal probative value").[1]

    Defendant maintains that competition among mutual funds for shareholders, even if distinct from that among advisors for retention by mutual fund boards, is nevertheless relevant under *Jones* because "market forces created by the competition among mutual funds for investors may discipline the fees advisers charge their funds ..." and "there is unquestionably room for independent trustees to consider competitive pressures from investor choices when reaching their business decision of whether to approve an advisory fee." Def. Mem. at 17. Defendant, however, is unable to cite anything in *Jones* supporting this theory, which simply is a

---

[1] Defendant erroneously describes the rest of Dean Hubbard's proffered testimony as "unchallenged" by plaintiffs. Obviously, however, that plaintiffs did not move to exclude such testimony as inadmissible under *Daubert* does not mean that it is "unchallenged." Plaintiffs will challenge and rebut such testimony at trial.

reformulation of the market-based approach to evaluating advisory fees that the Supreme Court in *Jones* rejected.  *See Jones*, 559 U.S. at 351 (citing *Gartenberg*, 537 F.3d at 929).

## CONCLUSION

For the foregoing reasons, the "total expense ratio" and "market competition" testimony of Dean Hubbard should be excluded.

Dated: April 2, 2018                           **KIRBY MCINERNEY LLP**

/s/ Mark A. Strauss
Mark A. Strauss
Ira M. Press
Andrew McNeela
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540
Email: mstrauss@kmllp.com
           ipress@kmllp.com
           amcneela@kmllp.com

*Counsel for Plaintiffs*